Klicka v. Klicka.

---

## Emil Klicka v. Alvina H. Klicka.

1. PROBATE COURTS — *Appeals from, Are Tried De Novo.*—Section 11 of the act in regard to probate courts authorizes appeal from final orders, judgments and decrees of the Probate Court to the Circuit Court, and provides that upon such appeal the case shall be tried *de novo.*

2. STATUTES—*Section 117, Ch. 3, R. S., Construed.*—Section 117, Ch. 3, R. S., in requiring a refunding bond, applies solely to cases where debts properly payable from the assets of the estate, inventoried or otherwise accounted for by the executor or administrator, may be exhibited within two years from the issuance of letters testamentary or of administration, and properly chargeable to the heirs, devisees or legatees to whom partial distribution may have been made.

3. ADMINISTRATION OF ESTATES—*Refunding Bond After Expiration of Two Years Allowed by Statute for Exhibit of Claims.*—After the two years allowed by the statute for exhibiting claims against the estate has expired, claims are barred, by the express language of the statute, as to all assets inventoried or otherwise accounted for by the executor. Consequently the requiring a refunding bond would be practically useless and of no effect, and the law does not, in such cases, anthorize the court to require such bond.

4. SAME—*Refunding Bonds.*—The Circuit Court, on appeal from a judgment of the Probate Court has no more power in the premises than the Probate Court had, but it may not require a refunding bond when the two years provided by the statute has elapsed before the rendition of its judgment.

Probate.—Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge presiding. Heard in this court at the March term, 1902. Affirmed, Opinion filed January 8, 1903.

BULKLEY, GRAY & MORE, attorneys for appellant.

JEROME PROBST, attorney for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

December 20, 1900, the Probate Court of Cook County made the following order:

" In the Matter of the Estate }
           of                }
Joseph Klicka, deceased. }

This cause coming on to be heard on the application of Alvina H. Klicka, the widow of Joseph Klicka, deceased, for partial distribution of the assets of the estate of said decedent, and it appearing to the court that said estate is amply solvent, it is ordered that the Equitable Trust Company, executor of the last will and testament of said Joseph Klicka, deceased, make distribution of the sum of one thousand dollars of the funds of said estate to said Alvina H. Klicka on account of her distributive share of said estate upon her giving a proper refunding bond, as required by law," etc.

Emil Klicka appealed from the order.

The Equitable Trust Company, executor of the estate of Joseph Klicka, deceased, filed in the Probate Court, September 27, 1901, its final account as executor, which account was approved by the court October 29, 1901, and Alvina H. Klicka, appellee, appealed from the order approving the account to the Circuit Court. December 31, 1901, both appeals being then pending in the Circuit Court, the appeal of Emil Klicka was reached for hearing, and the court, after hearing the cause, entered an order therein, as on a hearing *de novo*, substantially the same as the order of the Probate Court made on the application of appellee for partial distribution of the assets, except that it contains no provision for a refunding bond. It was admitted on the hearing that appellee is the widow of Joseph Klicka, deceased, and that she renounced the provisions of his will made for her benefit, and elected to take her share of the estate, as allowed by law. There is no controversy between the parties as to the facts, and only two questions, both of law, are presented by the record, namely, the effect of the appeal of appellee from the order of the Probate Court approving the final report of the executor, and the omission from the order of the Circuit Court, in the appeal of Emil

Klicka to that court, of a provision requiring a refunding bond. Section 11 of the act in regard to probate courts, Hurd's Rev. Stat. 1901, p. 571, authorizes appeals from final orders, judgments and decrees of the Probate Court to the Circuit Court, and provides that "upon such appeal the case shall be tried *de novo*." The section, in providing for a trial *de novo* on appeal, is substantially the same as the statute providing for appeals from judgments of justices of the peace, in which latter appeals it has been held that the effect of the appeal is to vacate the judgment of the justice and render it of no effect. Tindall v. Meeker, 1 Scam. 137; Reynolds v. DeGeer, 13 Ill. App. 113, and cases cited.

Appellant's counsel, in support of the objection that the order appealed from does not require a refunding bond, rely on section 117 of chapter 3 of the Revised Statutes, which is as follows:

"Executors and administrators shall not be compelled to pay legatees or distributees until bond and security is given by such legatees or distributees to refund the due proportion of any debt which may afterward appear against the estate, and the costs attending the recovery thereof; such bond shall be made payable to such executor or administrator, and shall be for his indemnity and filed in the court."

This section must be construed together with other sections of the statute relating to the same subject-matter.

Section 70 of chapter 3 provides that all demands against an estate not exhibited within two years from the granting of letters testamentary or of administration shall be forever barred, "unless the creditors shall find other estate of the deceased not mentioned or accounted for by the executor or administrator." In view of this section assets of an estate inventoried, or otherwise accounted for by the executor or administrator, are not liable for claims or demands against the estate not exhibited within the two years mentioned, and, consequently, if such assets have been partially distributed to heirs, or devisees and legatees, as the case may be, those to whom they have been so distributed are not liable for such claims or demands. Manifestly,

then, section 117, in requiring a refunding bond, applies solely to cases where debts properly payable from the assets of the estate, inventoried or otherwise accounted for by the executor or administrator, may be exhibited within two years from the issuance of letters testamentary or of administration, and properly chargeable to the heirs, devisees or legatees to whom partial distribution may have been made. The two years allowed by the statute for exhibiting claims against the estate in question had expired October 29, 1901, when the Probate Court approved the final account of the executor, and when the Circuit Court entered the order appealed from. Claims, if any, brought after that date are barred, by the express language of the statute, as to all assets inventoried or otherwise accounted for by the executor. Consequently the requiring a refunding bond would have been practically useless and of no effect. The law does not, in such case, authorize the court to require such bond. Appellant's counsel cite cases in support of the proposition that the Circuit Court could exercise only such power as the Probate Court could have exercised. When the latter court made an order for partial distribution, two years after the issuance of letters testamentary had not expired. Therefore, that court properly required a refunding bond, as claims not then exhibited might be exhibited within the two years. But when the Circuit Court entered the order appealed from, the two years had expired, and a refunding order was unnecessary. We can conceive of circumstances in which the Probate Court might enter an order for partial distribution after the expiration of the two years, and in such case that court, like the Circuit Court in the present case, would not be warranted by law in requiring a refunding bond. The Circuit Court, on appeal from the judgment of a justice of the peace for a claim on which interest is payable, although it has no more power in the premises then the justice had, may lawfully allow interest till the date of the judgment, notwithstanding the justice could only allow interest to the date of the rendition of judgment in the justice's court. Mitcheltree v. Sparks, 1 Scam. 198.

Had the Probate Court made the order at the date of the order of the Circuit Court it might have omitted requirement of a refunding bond, as did the Circuit Court.

The order appealed from will be affirmed.