In the Matter of the Estate of Jennie Hughes, Deceased.
Adolph H. Wesemann, Executor, Appellee, v. Mary Foley, Conservatrix of the Estate of Jennie Hughes, Insane, Appellant.

Gen. No. 28,471.

1. PROBATE COURTS—*appeal to circuit court triable de novo.* On appeal from the probate court to the circuit court in a proceeding by an executor against the conservatrix of his decedent's estate, to require the conservatrix to turn over alleged assets to the executor, the case is triable *de novo* in the circuit court, which has no power to affirm the judgment of the lower court requiring the conservatrix to turn over such assets, but can render judgment for the executor only upon proper showing by him as to representative capacity and the duty of the conservatrix to turn the property over to him as executor after proper citation below.

2. PROBATE COURTS—*judgment of circuit court on appeal not sustainable on unsupported findings.* A judgment of the circuit court on appeal from the probate court affirming the judgment of the lower court and requiring a conservatrix to turn over to the executor of the estate of the deceased incompetent assets of such estate, cannot be sustained by virtue of a finding therein that the conservatrix has such assets in her possession and a direction to cause them to be turned over and delivered to the petitioner "as such executor," there being no evidence before the circuit court that he is such executor or that he filed any petition against the conservatrix.

3. SAVING QUESTIONS FOR REVIEW—*when sufficiency of evidence properly saved in circuit court on appeal from probate court.* The question of the sufficiency of the evidence to sustain a judgment of the circuit court on appeal from the probate court is properly raised in the circuit court where the petitioner introduced no evidence whatever and at the close of the evidence introduced by the respondent the latter asked for judgment on the ground the petitioner had "made out no prima facie case on the trial *de novo*," which was denied and excepted to and motion made for new trial which was overruled and excepted to.

4. PROBATE COURTS—*appeal to circuit court vacates probate order appealed from.* An order of the probate court in a proceeding by an executor to require the conservatrix of the estate of decedent to turn over corporation stock to the executor as assets is vacated

by an appeal therefrom to the circuit court which is triable *de novo* in the upper court; and a recital in the probate court order that the petitioner appears as executor cannot be considered as evidence of that fact to sustain an order of circuit court "affirming" the order of the probate court in favor of the petitioner, especially where the recital is in form that only and not an express finding, and is unsustained by any evidence in the circuit court.

5. APPEAL AND ERROR—*when statement in fact no admission of fact.* Mere allusion, in the brief, to the opposite party as an "executor" is not a concession that he is executor of the estate in question where it is expressly contended in the brief that there is no evidence that he is such executor.

Appeal by defendant from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1923. Reversed and remanded with directions. Opinion filed December 10, 1923.

O'BRIEN, RUTLEDGE & HAYES, for appellant; DAVID J. A. HAYES, of counsel.

FRANCIS E. HINCKLEY, for appellee.

MR. JUSTICE JOHNSTON delivered the opinion of the court.

This is an appeal from an order of the circuit court of Cook county in the matter of the appeal to the circuit court from the probate court. Appellant was conservatrix of the estate of Jennie Hughes, insane. As conservatrix she filed a report in the probate court, which was approved by the court. Subsequently she filed a petition in the probate court representing that Jennie Hughes had died and praying for leave to sell certain stock of the Sagola Lumber Company listed among the assets of the estate, in order to pay a deficiency that "now stands approved against the estate." The record shows inferentially that appellee, as executor of the estate, filed a petition in the probate court praying that a citation issue against appellant, as conservatrix of the estate of Jennie Hughes. The

petition of appellee does not appear in the record. What the purpose of the citation was is not shown affirmatively from the record, but presumably the citation was issued to compel appellant to show cause why she should not turn over to the executor the assets of the estate, among which was the stock of the Sagola Lumber Company. It appears from the order of the probate court that upon the hearing of the petition appellant, as conservatrix, was found to have in her possession or control the stock of the Sagola Lumber Company, and she was ordered to deliver it to appellee as executor. Appellant prayed an appeal to the circuit court from the order of the probate court. On the hearing of the appeal appellee offered no evidence. Appellant introduced evidence to show that the estate of Jennie Hughes, deceased, was indebted to appellant, and that the only property of the estate with which to pay the indebtedness was the stock of the Sagola Lumber Company.

At the conclusion of the evidence the court stated that "the order of the probate court should be affirmed." An order was accordingly entered affirming the order of the probate court. From this order appellant has appealed to this court.

The principal ground on which appellant relies for reversal is that on the appeal to the circuit court the case should have been tried *de novo,* and that as appellee introduced no evidence on that hearing to maintain his case the evidence is insufficient to support the order of the circuit court.

Section 11, ch. 37, of the statute relating to probate courts, provides that on appeal from the probate court to the circuit court "the case shall be tried *de novo.*" [Cahill's Ill. St. ch. 37, ¶ 341.] It follows, therefore, that on the appeal to the circuit court the parties had the same relation to each other as if the suit had been originally brought in the circuit court. The circuit court stands "in the shoes of the probate court." *Sny-*

*der v. Snyder,* 142 Ill. 60, 65. The circuit court does not hear the case as a court of review; and it was error for the court to enter an order affirming the order of the probate court. The effect of the appeal was to vacate the order of the probate court. *Klicka v. Klicka,* 105 Ill. App. 369, 371. A trial could not be had upon the transcript of the record of the probate court. No mode is provided by which the evidence given in a proceeding before the probate court can be lawfully preserved and made a part of the record. *Blair v. Sennott,* 134 Ill. 78, 84; *Teter v. Spooner,* 279 Ill. 39, 48.

In the case at bar, appellee was the petitioner in the probate court and appellant was the respondent. On the appeal to the circuit court the same relation should have been preserved, and the court should have required appellee to prove a cause of action against appellant. Instead of that procedure appellee introduced no evidence. It is not shown by the evidence that appellee was executor under the will of Jennie Hughes, deceased, or that he filed a petition praying for a citation against appellant. Suppose that when appellee offered no evidence appellant had stood mute. Appellant was not under duty to proceed until appellee had introduced evidence to make his case. In such a state of the record if the court had entered an order in favor of appellee affirming the order of the probate court, and an appeal had been taken to this court by appellant, the order would have had to be reversed on the ground that there was no evidence to sustain it. The only difference in the case at bar from the illustration given is that in the case at bar there is not sufficient evidence to sustain the order, and in the illustration there was no evidence at all.

Counsel for appellee concede that there "might be some color to the contention" of appellant that it was error for the circuit court to affirm the order of the probate court if that was all that the order purported to do; but they maintain that there are other pro-

visions in the order which are sufficient to constitute the order a valid one. To support their contention they refer to the finding in the order that appellant has in her possession as conservatrix the stock of the Sagola Lumber Company, and also refer to the direction in the order requiring appellant, as such conservatrix, "to cause to be turned over and delivered to the said Adolph H. Wesemann, as such executor, the stock" in question. The answer to the contention of counsel for appellee is, as we have before pointed out, that there is no evidence that appellee is executor or that he filed a petition praying that the stock be turned over to him as executor. Counsel for appellee reply to this by arguing that "appellant for the first time in this court raises the question" that there is no such evidence in the record; that "it appears from the order of the probate court as well as that of the circuit that appellee was the executor"; and "it is conceded by appellant that appellee is the executor." We do not think that the contentions of counsel for appellee are well taken.

The question of the sufficiency of the evidence was raised by appellant in the court below and was properly saved for review on appeal. At the conclusion of the evidence introduced by appellant, in view of the fact that appellee had offered no evidence whatever, counsel for appellant asked the court for a finding in favor of appellant on the ground that appellee had "made out no prima facie case on the trial *de novo*." The court held against appellant and directed that the order of the probate court should be "affirmed." Appellant excepted to this ruling of the court and moved for a new trial. The motion for a new trial was overruled to which ruling appellant took exception.

The recital in the order of the probate court that appellee appears as executor cannot be considered as evidence of that fact, as the effect of the appeal from

that order to the circuit court is to vacate the order and to require the case to be tried *de novo*. The recital in the order of the circuit court that appellee appears as executor is not in the form of an express finding; and, even if it were, there is no evidence in the bill of exceptions to support such a finding. The bill of exceptions recites that it contains all the evidence offered in the case.

In support of their contention that counsel for appellant have conceded that appellee is the executor, counsel for appellee refer to the brief of appellant which, in stating the proceedings in the probate court, alludes to appellee as executor. There is no reference, however, by counsel for appellant in their brief to appellee as executor on the appeal to the circuit court. On the contrary it is expressly contended in the brief of counsel for appellant that appellee did not prove on the trial in the circuit court that he was executor.

For the reasons stated the order of the circuit court is reversed and the cause remanded with directions to the court to proceed in accordance with this opinion. On the merits of the controversy we express no opinion.

*Reversed and remanded with directions.*

MATCHETT, P. J., and McSURELY, J., concur.