Fred H. Rathbun, Plaintiff-Appellee, v. Herman H. Rimmerman, Conservator of Mary Louise Rathbun, Defendant-Appellant.

Gen. No. 10,774.

Second District.

February 17, 1955.

Rehearing denied June 17, 1955.

Released for publication June 20, 1955.

Sinnett, Britton & Ferguson, of Rock Island, for appellant; Thomas P. Sinnett, and Dale Ferguson, both of Rock Island, of counsel.

Marshall & Marshall, of Rock Island, for appellee.

MR. JUSTICE DOVE delivered the opinion of the court.

Herman H. Rimmerman is the public administrator of Rock Island county, and on June 22, 1953, he filed his petition in the probate court of Rock Island county praying for an order appointing him conservator of Mary Louise Rathbun, then a voluntary patient in the East Moline State Hospital. Summons was duly issued and served upon her, and on June 30, 1953, the petitioner and his attorney and, also, certain cousins of the said Mary Louise Rathbun appeared in the probate court and a hearing was had upon Rimmerman's petition resulting in an order finding that Mary Louise Rathbun was an incompetent person and directing that letters of conservatorship be issued to the petitioner, Herman H. Rimmerman, upon his entering into an $8,000 bond and taking the oath as required by law. A bond and oath having been filed, letters of conservatorship of the person and estate of Mary Louise Rathbun were duly issued to Rimmerman by the probate court on July 8, 1953. To reverse that order, Fred H. Rathbun appealed to the circuit court, and on July 20, 1953, the probate court approved an appeal bond executed by him as principal and granted him an appeal to the circuit court of Rock Island county.

On January 4, 1954, Fred H. Rathbun filed in the circuit court, where his appeal was then pending, his petition in which he alleged that the said Mary Louise Rathbun had been adjudicated incompetent by the probate court of Rock Island county; that letters of conservatorship had been issued to Herman H. Rimmerman; that petitioner had perfected an appeal from that

103

order to the circuit court; that petitioner lived in Spring Valley, Illinois; and that the incompetent, Mary Louise Rathbun, has no husband or descendants, and no living father, mother, brother or sister. This petition prayed that a hearing be had upon "this petition and the pending appeal" and that an order be entered appointing petitioner, Fred H. Rathbun, conservator in place of Herman H. Rimmerman. On March 16, 1954, a hearing was had in the circuit court, and that court entered an order setting aside the appointment of Herman H. Rimmerman and appointing Fred H. Rathbun as conservator for Mary Louise Rathbun upon his filing his oath of office and bond in the sum of $15,000 to be approved by the circuit court and, upon approval of that bond, letters of conservatorship should be issued to Rathbun by the circuit court and a certified copy thereof filed in the probate court. To reverse that order, Herman H. Rimmerman appeals.

Upon the hearing in the circuit court, Fred H. Rathbun, Frank L. Rathbun, Lucinda M. Rathbun, Robert W. Rathbun, Adaline Clarke, and Homer Rathbun all testified that they are residents of this State, living in the vicinity of Rock Island, and are first cousins of Mary Louise Rathbun and that each one desires that Fred H. Rathbun be appointed conservator of the person and property of Mary Louise Rathbun. The record further discloses that David Rathbun is also a first cousin of the incompetent and that he lives in this State, but he did not testify at the hearing. It further appears that Mary Louise Rathbun has no living brother or sister, father, mother, or children. Her brother, Walter E. Rathbun, died on June 21, 1952, leaving said incompetent as his only sister him surviving.

Appellant contends that Fred H. Rathbun was not a party aggrieved within the meaning of the statute governing appeals from the orders of the probate court to

104

the circuit court and that, therefore, he had no right to appeal. Second, that the circuit court had no jurisdiction to entertain the original petition of Fred H. Rathbun for his appointment as conservator but was confined and limited to a hearing upon the issues before the probate court. And, third, that the circuit court abused its discretion in removing appellant as conservator and appointing Rathbun.

■ The Probate Act (Ill. Rev. Stats. 1953, ch. 3, sec. 484 [Jones Ill. Stats. Ann. 110.581]) provides that any person aggrieved may take an appeal from any order of the probate court to the circuit court. In People v. O'Connell, 378 Ill. 346, it appeared that some of the children of Frank Dombroski petitioned the probate court of Cook county for appointment of a conservator for the personal estate of their father. Upon a hearing, the prayer of the petition was denied, and the court denied an appeal to the circuit court, refused to fix the amount or conditions of an appeal bond, and denied leave to file an appeal bond. Thereafter, the petitioners, being the children of Frank Dombroski, filed in the circuit court a petition for a writ of mandamus to compel the probate judge to grant an appeal and fix the amount and condition of the appeal bond. The probate judge, respondent in the mandamus proceeding, filed a motion to strike the petition on the ground that petitioners had no appealable interest and were not persons aggrieved by the order denying the appointment of a conservator. The circuit court sustained that motion and dismissed the petition, and petitioners appealed to the Supreme Court, and that court, in reversing the circuit court, cited section 330 of the Probate Act (Ill. Rev. Stats. 1953, ch. 3, par. 484) and stated that under section 113 (c) of the same Act [Ill. Rev. Stats. 1953, ch. 3, § 265, subd. (c); Jones Ill. Stats. Ann. 110.362, subd. (c)], petitioners were proper persons to file a petition for the appointment of a conserva-

tor. The court then went on to say (p. 349): "It is an anomaly to say that appellants, though proper parties to bring this action, are not proper parties to appeal from a decision against them . . . .

"Appellants, petitioners, are children of the alleged incompetent. As next of kin they had a right to file the petition. If they have no right to appeal as a party aggrieved from a final order against them as such petitioners, the question arises: Who may exercise the right of appeal given by section 330 of the Probate Act? It is conceded that had the court decided the issues against the defendants, they or any of them could appeal from such decision. If petitioners may not appeal, and the defendants may, then the statutory provision giving the right of appeal to one feeling himself aggrieved fails to provide due process of law, and the judge who enters the order is in the position of being the absolute ruler over his own decision. Such a situation is abhorrent to the letter and spirit of the law.

"Since appellants as next of kin would be liable for the support of the alleged incompetent if his estate be wasted, there appears a clear interest in petitioners, putting them within the provisions of the statute as parties aggrieved, and they should be given the right to be heard on appeal from an order of the probate court denying their petition for appointment of a conservator. (McMahan v. Trautvetter, 305 Ill. 395.) We believe this to be the intent of the act. Such construction of section 330 renders it constitutional.

"We are of the opinion that that section gives to the petitioners, appellants, the right to a review of the action of the probate court denying their petition."

It is insisted that the circuit court should not have removed appellant as conservator and had no jurisdiction to entertain the original petition of appellee. There is no merit in these contentions. Fred Rathbun, a first cousin of the incompetent, having a

106

right to appeal and having availed himself of that right and having perfected his appeal to the circuit court, the effect thereof was to set aside the order of the probate court, and the circuit court, upon appeal, had the same jurisdiction as the probate court. (In re Estate of Holmberg, 400 Ill. 366, 369; Wesemann v. Foley, 231 Ill. App. 104; In re Conservatorship of Farlin, 350 Ill. App. 328.)

In Snyder v. Snyder, 142 Ill. 60, Mary T. Snyder was adjudged an incompetent in the probate court, but no conservator was appointed. An appeal was taken from that order. Upon the hearing in the circuit court, Mary T. Snyder was again adjudged incompetent, and the circuit court appointed a conservator and required him to file a bond with surety to be approved by the probate court. An appeal was taken to the Appellate Court, resulting in a reversal of the order of the probate court. Upon a further appeal, the Supreme Court reversed the judgment of the Appellate Court and affirmed the judgment of the circuit court and, in the course of its opinion, said (p. 65) : "On a trial of the appeal in the circuit court, as the trial was required to be de novo, upon the return of the verdict that Mary T. Snyder was distracted it was the duty of the circuit court to appoint a conservator, which it did."

McMahan v. Trautvetter, 305 Ill. 395, held that the circuit court had the right to enter an order appointing a person guardian of a minor's property who was neither petitioned for nor appointed by the probate court. Krome v. Halbert, 263 Ill. 172, held that the established policy in this State is to give preference in the appointment of an administrator to a relative. The reasons for giving preference to relatives when an administrator is appointed are applicable upon the appointment of a conservator for an incompetent.

We concur in the conclusion arrived at by the circuit court that in the absence of any valid objections

107

to the qualifications of Fred H. Rathbun, who is a first cousin and next of kin of the incompetent and who is the choice of all of the next of kin of the incompetent who expressed a preference, he should be named conservator rather than a stranger. (In re Guardianship of Hampson's Estate, 190 Ore. 279, 223 P.2d 1039, 21 A.L.R.2d 873.)

The judgment of the circuit court is affirmed.

Judgment affirmed.

WOLFE, P. J., concurs.

CROW, J., took no part.