Hilda Proehl, Petitioner-Appellant, v. Howard B. Leadley, Conservator of the Estate and Person of Etta J. Schwartz, Incompetent, and Theodore J. Weaver, Petitioners-Appellees, Etta J. Schwartz, Eugene H. Rennick, Jr., Guardian Ad Litem, and John C. Hedrich, Guardian Ad Litem, Defendants-Appellees.

Gen. No. 66–94.

Third District.

September 29, 1967.

D. J. McRae, and Andrews and Andrews, of Kewanee, for appellant.

Eugene H. Rennick, Jr., pro se, of Toulon, Glen L. Borden, of Wyoming, and John C. Hedrick, of Princeton, for appellees.

STOUDER, P. J.

This is an appeal by Hilda Proehl, Appellant, niece of Etta Schwartz, the alleged incompetent, from an order of the Circuit Court of Stark County appointing Appellee, Howard Leadley conservator of the estate of Etta Schwartz. Etta Schwartz and Fannie Bogin were cotenants in a 104-acre tract of farmland located in Stark County. Fannie Bogin died intestate in 1962, leaving as her only heirs at law Etta Schwartz, six nieces and nephews, including Hilda Proehl, Appellant herein, and two descendents of nieces or nephews. Theodore Weaver managed such farm after the death of Fannie Bogin with the approval of the nieces and nephews and with the disapproval of Etta Schwartz. Negotiations for the purchase of the other interests in the farm by Etta Schwartz were unsuccessful. Etta Schwartz and Hilda Proehl, represented by Attorneys Andrews and Andrews, and Attorney Donald McRae, instituted partition proceedings. The remaining heirs were named defendants in the partition proceeding and were represented by Attorneys Liggett and Borden. Howard Leadley, a real estate broker, farm manager and Mayor of Wyoming, Illinois, was appointed Commissioner in the partition proceeding. David Kieser purchased the land at the partition sale for $700 per acre. Distribution of the proceeds of the partition sale were completed in March or April of 1966.

The possible incompetency of Etta Schwartz having been suggested in said proceeding, Donald McRae was appointed next friend to receive the share of the proceeds payable to Etta Schwartz.

On March 3, 1965, Attorneys Liggett and Borden, with the approval of the nieces and nephews, filed a petition in behalf of Theodore Weaver requesting his appointment as conservator for Etta Schwartz, alleging her incompetency by reason of advancing age and poor physical health. Etta Schwartz, represented by John Hedrich, objected to the granting of such petition. A cross petition for the appointment of Joseph Stetson as conservator was filed. On April 21, 1965, a motion for change of venue was granted but no further action was taken with respect to the petitions until late in April, 1966.

According to the testimony of Leadley he and Etta Schwartz conferred with Attorneys Andrews and McRae early in March, 1966, and at that time Etta Schwartz indicated that she wanted Leadley to act as her conservator. As a result of this conference it was Leadley's understanding that the attorneys would seek his appointment as conservator. Also in March 1966, David Kieser, the purchaser of the 104-acre tract at the partition sale, approached Herbert Collister, in whose home Etta Schwartz was and had been living for about four years, concerning the possible sale to him of 80 acres of 240 acres owned by Etta Schwartz in her own right. According to Leadley, Collister talked with Etta Schwartz and she requested that Leadley discuss the possible sale with her and after some negotiations a sale price for the 80-acre tract at $750 per acre was agreed upon. According to Leadley, prior to a final agreement, he discussed the terms of the sale with Donald McRae on the assumption that the latter was the attorney for Etta Schwartz and Leadley further testified that McRae approved the sale, suggesting that if the sale were agreed upon a contract

should be drawn. An oral agreement for the sale was entered into on March 23, 1966, and at that time David Kieser delivered a check in the amount of $6,000 as down payment to Leadley, payable to Etta Schwartz. Within a day or two Leadley and Kieser went to the offices of Attorney Andrews for the purpose of having a contract drawn and were advised that it would be more appropriate to delay the drawing of a contract until Kieser had made the final payment required by the partition sale. Such final payment was made within the next few days and Leadley again sought an appointment to draw the contract at which time he was advised that the contract could not be drawn because Etta Schwartz was in the hospital. Leadley discussed this matter with Etta Schwartz and according to him she indicated that she wanted him to handle her affairs and suggested that he talk with another attorney to see what could be done. Leadley discussed the matter with Attorney John Rennick and the latter prepared a trust deed and trust agreement by which documents all of Etta Schwartz's property was conveyed to Leadley as trustee for her benefit. On the following day, April 5, 1966, Leadley and Collister went to the hospital in Kewanee and the documents were signed by Etta Schwartz, the trust deed being thereafter recorded.

There is much conflicting testimony in the record concerning the mental and physical competency of Etta Schwartz on the day these documents were executed. On April 13, 1966, a contract for the sale of the 80 acres to David Kieser was executed by Leadley as trustee. According to Leadley's testimony he believed that a contract should be drawn between Etta Schwartz and David Kieser and both before and after the execution of the deed to him as trustee he had talked to Andrews or McRae several times concerning such a contract. Leadley was under the impression that either Andrews or

McRae had filed a petition for his appointment as conservator and was unaware of anything to the contrary until he learned from Collister that the attorneys had suggested that Collister approach Etta Schwartz with the suggestion that she approve Earl O. Turner, President of the bank at Toulon, as her conservator because he might be more cooperative than Leadley. After learning of the trust deed the incompetency proceedings were reactivated and petitions were filed by Appellant and Donald McRae requesting the appointment of Earl O. Turner, President of the bank at Toulon, as conservator for the estate of Etta Schwartz. Prior to the commencement of hearings on the petitions on July 11, 1965, pursuant to motion by Attorneys Liggett and Borden, the original petition filed in behalf of Theodore Weaver was amended to request the appointment of Leadley as conservator. Exhibits were admitted during the hearings indicating that all of the nieces and nephews, excepting Appellant Hilda Proehl, had approved of the substitution of Leadley as conservator for Theodore Weaver. Also two exhibits purporting to show Etta Schwartz's approval of Leadley, executed in May, 1966, were admitted into evidence. The hearings resulted in the appointment of Leadley as conservator, the court directing that John Hedrich, guardian ad litem, request the court to determine the validity of the land sale. This appeal is from the order appointing Leadley conservator.

Appellant contends that Leadley was disqualified because of his interest in the land transfer and his trusteeship and that because of this disqualification the trial court erroneously abused its discretion in appointing him. The Statute governing the appointment of a conservator is section 113, chapter 3, Ill Rev Stats 1965, which provides "Upon the filing of a verified petition by a reputable citizen of this state or on its own motion, the court may adjudge a person an incompetent pursuant to

this Act and appoint a conservator for him." Initially we note that Appellant in her brief has directed our attention to the excellence of the qualifications of the person she sought to have appointed conservator. No claim is made that such person was entitled to the appointment because of any preference or priority created by the Statute. Accordingly no issue is presented concerning the relative qualifications of the persons proposed and the sole issue presented upon this appeal is whether the person named as conservator is disqualified from acting.

Although prior to the hearings Leadley moved that the petitions for appointment of a conservator be dismissed as being unnecessary in view of his appointment as trustee, it appears from the record that at the time of the hearings, commencing July 11, 1966, all parties, including the guardian ad litem, conceded that Etta Schwartz was incompetent by reason of advanced age and poor mental and physical health. It is also undisputed that all of Etta Schwartz's next of kin were, and are, nonresidents of the State of Illinois and hence not qualified to act as conservator of her estate, Ill Rev Stats, c 3, § 120.

In arguing that Leadley was disqualified from acting as conservator, Appellant contends that Leadley, by virtue of the circumstances, has a conflicting interest adverse to his duties as conservator and to the rights of Etta Schwartz. Such adverse interest exists, according to Appellant, because of Leadley's interest in the real estate sale and his interest as trustee.

 We believe that it is well settled that an incompetent is entitled to have his rights protected by representatives free from any interest which would prevent or impair the proper assertion or protection of such rights. An incompetent person or a person alleged to be incompetent is a ward of the court and entitled to the special protection of the court whenever the rights

477

of such incompetent may be affected. The paramount duty of the conservator is, as the name implies, to conserve and protect the assets of an incompetent person and to see that such assets and the income therefrom are properly applied to the use, enjoyment and benefit of such incompetent. The duties and responsibilities of a conservator are those as set forth in the statute and the supervisory function of the court assures compliance therewith. It would thus appear that if a person should be deemed disqualified from acting as conservator by reason of an adverse interest, such interest should be that which would impair his ability to carry out his statutory duties under the supervision of the court. In the cases called to our attention by Appellant, a particular right of an incompetent was the issue before the court. In Linebaugh v. Atwater, 173 Ill 613, 50 NE 1004, the court held that the interests of minors were not properly represented where it appeared that the father as next friend had instituted an action seeking to establish that such minors owned a one-half interest in certain property and that he owned the other one-half interest in the property, it appearing that the minors may have been entitled to the entire interest in the property. In Millage v. Noble, 334 Ill 315, 166 NE 50, the court held improper the appointment of a guardian ad litem to represent both the interest of an infant and an incompetent where it appeared that the assertion of rights in behalf of the incompetent would defeat those of the infant. In Clarke v. Chicago Title & Trust Co., 393 Ill 419, 66 NE2d 378, a petition for the sale of a residence was filed by a guardian ad litem for infant remaindermen, the mother of such infants having a life interest in the premises. The purpose of the sale was to prevent waste since the rental income from the property was insufficient to keep the property in repair. The father, as a contingent remainderman, argued that the guardian ad litem and his attorney were conspiring with

the mother to deprive the infants of their interest in the property. The court, although discussing the rights of infants to be represented by persons without any conflicting interest, held that the sale of the residence was for the best interest of the infants as well as the life tenant and the distribution of the proceeds being subject to further order of court the question of an adverse interest, if any, would or could arise only in connection with the distribution of such proceeds. Although the facts and issues in the Clarke case are quite different from those in the instant case it would appear that the reasoning employed is related to the instant case. There is no doubt that it is for the best interest of Etta Schwartz that she be deemed incompetent and that a conservator be appointed for her estate. In this proceeding no issue is presented concerning the property rights of Etta Schwartz, her conservator or any other person. Appellant's argument that an adverse interest exists is anticipatory and premature and is based on the hypothesis that Leadley might have a personal interest in upholding the sale or in asserting his rights as trustee. In an appropriate proceeding where such issues were presented for adjudication it is possible an adverse interest might be found. However from the state of the record before us there is no evidence of an adverse interest, fraudulent conduct or bad faith from which it may be concluded that the trial court abused its discretion.

The motion of Appellee to dismiss the appeal is denied since in our view as heretofore expressed the subsequent termination of the trust does not render the issues moot.

Finding no error in the judgment of the Circuit Court of Stark County the judgment of said court is affirmed.

Judgment affirmed.

ALLOY and CORYN, JJ., concur.