*In re* ESTATE OF EVERETT LAMONT, Incompetent—(VIRGINIA D. WHITE, Conservator, Petitioner-Appellee, *v.* LYDA HOLLIDAY *et al.*, Respondents-Appellants.)

(No. 72-281;

Fifth District—August 17, 1973.

Don Johnson, of Hohlt, House, DeMoss & Johnson, of Pinckneyville, for appellants.

R. N. Gandy, of Peek and Gandy, of Du Quoin, for appellee.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Cross-petitioners Lyda and Roy Holliday appeal from the appointment of petitioner Virginia White as conservator of the person and estate of Everett Lamont, incompetent. No objection was made to the adjudication of incompetency. Appellants contend that the court abused its discretion in appointing a Mrs. White, his deceased wife's niece as conservator rather than the nominee of the incompetent's closest but out-of-state relatives; and that the court abused its discretion in appointing as conservator a person whose own pecuniary interest allegedly conflicted with those of the incompetent.

Appellants characterize Mrs. White as a "stranger" and contend that

the legislative policy of Illinois is to give preference to relatives, or their nominee, in the appointment of a conservator, citing *Rathbun v. Rimmerman* (2nd Dist. 1955), 6 Ill.App.2d 101, 126 N.E.2d 856. In *Rathbun*, resident relatives of the incompetent sought to have one of themselves appointed conservator over the petition of the public administrator. We observe that here the relatives are not Illinois residents, but instead live in the state of Washington, and the opposing petitioner is a niece-by-marriage rather than a public administrator. The Appellate Court ruled in favor of the cousins in *Rathbun*, stating:

> "* * * *Krome v. Halbert*, 263 Ill. 172, held that the established policy in this State is to give preference in the appointment of an administrator to a relative. The reasons for giving preference to relatives when an administrator is. appointed are applicable upon the appointment of a conservator for an incompetent.
>
> We concur in the conclusion arrived at by the circuit court that in the absence of any valid objections to the qualifications of Fred H. Rathbun, who is a first cousin and next of kin of the incompetent who expressed a preference, he should be named conservator rather than a stranger." 6 Ill.App.2d at 107-108.

*Rathbun* is distinguishable from the present case in that there the relatives were residents and the opposing petition was that of the public administrator, while here the relatives are non-Illinois residents seeking to appoint a public administrator rather than a niece by marriage. Both *Krome* and *Rathbun* involved resident relatives. In *Krome v. Halbert*, 263 Ill. 172, the court stated at 178:

> "For nearly a century it has been the legislative policy of this State to give a preference to the surviving husband, widow or near relative to administer upon the estate of an intestate, and this regardless of whether or not the deceased was a resident of this State. It has, however, also been the policy for years to require that the relatives, in order to be entitled to administer, must be residents of the State."

We need not decide whether relatives must be Illinois residents in order to have preference in nominating a conservator. The legislative preference cited in *Krome* is now codified. (Ill. Rev. Stat. 1971, ch. 3, par. 96). It lists preferences for administrators of decedents' estates. However, Article X of the Probate Act (Ill. Rev. Stat. 1971, ch. 3, pars. 112—130) governs the appointment of conservators for incompetents. This Article does not list preferences for appointment. Nor does it incorporate the preference listed for administrators. It does provide in Section 120 (Ill. Rev. Stat. 1971, ch. 3, par. 120) that:

> "A non-resident of this state may be appointed as conservator of

the person of an incompetent person but not as conservator of his estate."

We do not read this as expressing a legislative policy that a non-resident's nominee has preference in the appointment of a conservator for an incompetent. We distinguish *Krome* as applying to resident relatives and the appointment of administrators. We distinguish *Rathbun* as applying to resident relatives, and disapprove of its extension of administrator's preferences to the appointment of conservators.

■■ Mrs. White had known the incompetent and his deceased wife for over forty-nine years, and visited them frequently. The record shows that the incompetent had asked her to help him with his financial affairs, had executed a power of attorney naming her to act for him, and had opened joint checking accounts in both his and her name. By contrast, appellants live in the state of Washington, had visited the incompetent only once in many years, and did not write very often. The court's appointment of Mrs. White under these circumstances was an exercise of discretion which we find proper.

Appellants also contend that the court abused its discretion by appointing a person whose own pecuniary interest might conflict with those of the incompetent. It is fundamental that a conservator must be free from any interest which might impair or prevent the proper assertion and protection of the rights of an incompetent. Here the appellant indicated only a suspicion of possible conflicts, and testified, "I made no allegation that anything was missing. I said there was a possibility. I am not making any allegation."

■■ In a similar situation, the court in *Proehl v. Leadley*, 86 Ill.App.2d 472, 230 N.E.2d 516, stated:

> "* * * Appellant's argument that an adverse interest exists is anticipatory and premature and is based on the hypothesis that Leadley might have a personal interest in upholding the sale or in asserting his rights as trustee. In an appropriate proceeding where such issues were presented for adjudication it is possible an adverse interest might be found. However from the state of the record before us there is no evidence of an adverse interest, fraudulent conduct or bad faith from which it may be concluded that the trial court abused its discretion." 86 Ill.App.2d at 479.

We find the above reasoning applicable to this case, and hold that the court below did not abuse its discretion.

The judgment of the Circuit Court of Perry County is affirmed.

Judgment affirmed.

JONES and CREBS, JJ., concur.