In re ESTATE OF JUDITH LOUISE VICIC.—(CLARK W. CHAMBERLAIN *et al.*, Petitioners-Appellees; HELENA M. VICIC, Petitioner-Appellant.)

Third District    No. 79-341

Opinion filed December 21, 1979.

Michael W. Heller, of Peoria, for appellant.

John R. Littler, of Peoria, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the circuit court of Peoria County which appointed Clark W. Chamberlain and Jane Ellen Vicic Miles as conservators of the person of Judith Louise Vicic.

Judith Louise Vicic at the time of the hearing in the circuit court of Peoria County was 32 years old, blind and mentally retarded. Judith's father was killed in an automobile accident in 1955. Judith was living at home at the time of the accident and continued to live at home with her mother, who married Clark Chamberlain in 1974. Judith's mother died of cancer in December 1977. Shortly prior to her mother's death and for a few days thereafter Judith lived with her aunt, Helena M. Vicic. At the time of the conservatorship hearing Helena was 69 years old. For approximately one week Judith next lived with an Aunt Vera and then, as the result of arrangements made by her sister Jane Miles, she was admitted into a facility known as the Respit Center. Jane Miles is not a resident of the State of Illinois. From the Respit Center Judith was transferred to the Queenswood Nursing Home and was at this location at the time of the conservatorship hearing.

Clark W. Chamberlain and Jane Ellen Vicic Miles filed a petition praying that they be appointed as conservators of the estate and person of Judith. Helena M. Vicic filed a counterpetition praying for the appointment of conservatorship of Judith. Various other pleadings were filed prior to the hearing on the petitions.

Hearings were had on October 26, 1978, and November 9, 1978. During these hearings it was well established that Helena, the aunt, sincerely loved Judith, wanted to move her into her home and intended to devote her life to the care and well-being of Judith. The background of Helena was that she had been a professional secretary for 16 years.

The record also discloses that Jane Miles, a sister of Judith, believed that institutional care was in the best interests of Judith. Jane, the sister, has a master's degree in social services and is employed in the field of mental health. Testimony of a doctor and a social worker for the Department of Mental Health was to the effect that training and assistance which would be available in an institution were in the best interest of Judith. Chamberlain, the stepfather, testified that prior to her death Judith's mother had concluded that her daughter's welfare would be best served by institutional care.

Testimony adduced during the hearings established that Judith has to be dressed, taken to the commode, has difficulty walking; however, while in the Respit Center and Queenswood Nursing Home she was responding to training programs.

The First National Bank of Peoria was appointed conservator of Judith's estate, and this appointment was made with the approval of all parties.

The trial court appointed Clark W. Chamberlain and Jane Ellen Vicic Miles as conservators of the person of Judith Louise Vicic. Helena M. Vicic appeals from this order of the circuit court of Peoria County.

The sole issue in this appeal is whether the trial court abused its discretion in appointing the incompetent's sister and stepfather as conservators of her person rather than her aunt.

■■ In appointing a conservator a number of factors should be considered. Among such factors is the degree of relationship between the incompetent and the party being considered for the position of conservator. Serious consideration should be given to any conduct by the incompetent prior to being adjudicated incompetent which manifests trust or confidence in the proposed conservator. Prior actions by the proposed conservator which indicate concern for the well-being of the incompetent should be also considered. These are but a few of the factors to be considered, but the paramount concern in the selection of a conservator is the best interest and well-being of the incompetent. See *In re Conservatorship of Browne* (1977), 54 Ill. App. 3d 556, 370 N.E.2d 148, and Annot., 65 A.L.R.3d 991 (1975).

■ Applying the "best interest" rule we find that there is substantial evidence in the record to support the decision of the trial court. The co-conservators, Chamberlain and Jane Miles, testified that they intend to make available professional help to the incompetent so that she may be able to take care of the personal and normal needs of her person. The incompetent's doctor and social worker testified that this type of professional training was long overdue. In contrast, the aunt Helena planned to take care of the incompetent in her home. The relative ages of the parties, their plans for the incompetent, the degree of relationship to the incompetent and their own professional backgrounds, when considered by the trial court, all favor the appointment made. We fail to find any abuse of discretion on the part of the trial court.

For the reasons stated the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

STOUDER, P. J., and BARRY, J., concur.