*In re* APPLICATION OF THE COUNTY TREASURER AND EX-OFFICIO COUNTY COLLECTOR OF COOK COUNTY.—(Janice Clark, by Georgetta Jackson, Next Friend, Petitioner-Appellant, *v.* First Lien Co., Respondent-Appellee.)

First District (4th Division)   No. 81—2481

Opinion filed January 20, 1983.

JOHNSON, J., dissenting.

Nelson F. Brown, of Chicago, for appellant.

Bruce M. Buyer, of Chicago, for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

This is an appeal from an order dismissing a petition under section 72 of the Civil Practice Act.[1] The petition sought to vacate an order directing the issuance of a tax deed. The petitioner, Georgetta

---

[1] Now codified as section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401).

Jackson, is the aunt and next friend to an alleged, but unadjudicated, incompetent, Janice Clark. The section 72 petition alleged that Janice had an interest in the property subject to the tax deed, that she was entitled to notice of the tax proceedings, and that the defendant's wilful and intentional misrepresentation to the court that she had been properly notified through a guardian *ad litem* prevented her from effectively protecting her interest in the property.

The facts in this case track a piece of real property, a vacant brick bungalow, located at 9241 S. LaSalle Street, Chicago, Illinois. The property was part of the estate of Clyda Clark, mother of Janice and Mildred Long. Probate proceedings on Clyda's estate were still pending at the time of the issuance of the tax deed. An Alan Jacobs had been appointed guardian *ad litem* for Janice for purposes of the probate proceedings.

More than three months prior to the expiration of the redemption period, First Lien Company, the certificate holder of the property and the instant defendant, directed the clerk of the circuit court to send notice by certified mail to Janice at 12333 South Lowe. Certified letters were also sent to Mildred Long at that address and to Clyda at 9241 South LaSalle Street. All three of these letters were returned undelivered. A similar notice to Alan Jacobs apparently was delivered. A second certified letter to Janice at the Lowe address was sent by the sheriff's office. It was returned "Addressee Unknown." Personal service was then attempted on Clyda at the LaSalle Street address, but the property was vacant. Personal service was had on Mildred Long on June 23, 1979. On the same day, personal service for Janice was accepted by her sister, Mildred Long, at the Lowe Street address. Personal service was also had on Alan Jacobs. Public notice was then placed in the Chicago Daily Law Bulletin on July 6, July 13, and July 20, 1979. Janice's name was specifically mentioned in the published notice.

The tax deed proceedings were held on November 29, 1979. Georgetta Jackson, petitioner here, was present with her husband. Steven A. Schultz, an agent of First Lien, testified to the various above described attempts to serve notice on Janice. Schultz also testified that in his investigation of the probate proceedings, he found that Janice, an incompetent, was located at 12333 South Lowe and that Alan Jacobs had been appointed her guardian *ad litem* in the probate proceedings. The court also inquired whether any incompetents were involved in the tax deed proceedings. Mr. Jackson, Georgetta's husband, responded, "There is an incompetent." The court then commented, "But he's represented by a guardian." Bruce Buyer, attorney

for First Lien, then responded, "Alan Jacobs was served." Georgetta and her husband remained silent. On October 22, 1980, the court issued the order for a deed. The order stated that all parties interested in or claiming an interest in the real estate had been properly notified.

On May 13, 1981, approximately seven months after the tax deed was ordered, Georgetta Jackson filed her section 72 petition. The petition set out the facts stated above and alleged that the actions of the agent and attorney of First Lien Company in the tax proceedings were "calculated to and did deceive" the court into believing that Alan Jacobs was Janice's guardian. This alleged deception was carried out so that the court would not make further inquiry into the necessity of protecting the rights and interest of an unrepresented, incompetent person in the proceedings.

On May 28, 1981, First Lien moved to strike and dismiss the section 72 petition on the grounds that the petition failed to set forth the proper elements of fraud necessary to collaterally attack a tax deed order. The motion also alleged that the petition failed to show the jurisdictional prerequisite of due diligence necessary for a section 72 petition. On September 14, 1981, the court granted First Lien's motion.

On appeal, the petitioner claims that her section 72 petition properly alleges fraud and states a cause of action; that Georgetta has standing to file such a petition; and that lack of due diligence cannot be attributed to an incompetent. We believe that the issue dealing with the allegation of fraud is the major issue on appeal and is dispositive of this case.

■ To prevail in a section 72 motion which seeks to set aside a deed, the petitioner has the burden of proof by clear and convincing evidence, and not merely by suspicion, that there has been a wrongful intent on the part of the defendant, reflected by an act calculated to deceive or a deceptive design. (*In re Application of Cook County Treasurer* (1981), 100 Ill. App. 3d 534, 426 N.E.2d 997.) The petitioner is held to this high standard of proof because the legislature intended to provide for the uncontestability of tax deeds by subjecting them only to direct attack and, under only the most limited circumstances, to collateral attack. *Shapiro v. Hruby* (1961), 21 Ill. 2d 353, 172 N.E.2d 775.

■ In its attempts to notify Janice, First Lien followed the statutory notice requirements relating to "parties interested in such real estate" outlined in sections 263 and 266 of the Illinois Revenue Act (Ill. Rev. Stat. 1981, ch. 120, pars. 744, 747). Under section 263, the purchaser is required to send notice not less than three months prior to the expiration of the redemption period of such purpose to any per-

son interested in the real estate. If that person cannot be found in the county upon diligent inquiry, a certified letter, return receipt requested, should be dispatched. Under section 266, if the interested party still cannot be found, notice by publication shall be given three times. Notice of the date of the tax proceedings must also be given. First Lien followed these procedures in an attempt to notify Janice. In addition, First Lien served notice upon Janice's last guardian of record, Alan Jacobs; upon her sister, Mildred Long, who accepted personal service on Janice's behalf at Janice's last address of record; and upon Janice's aunt and next friend who was present at the hearing on the tax proceedings and who was accompanied by her husband, Janice's uncle, who testified.

We believe these facts support the conclusion that First Lien acted in a manner which belies fraud in trying to notify Janice and that those persons most likely to protect Janice's interest, namely her sister, her guardian *ad litem* for proof of will, and her aunt, had notice of the proceedings and the opportunity to be present and to be heard on Janice's behalf. It has been held that absolute perfection is not required in a petition for a tax deed provided reasonable opportunity has been given to interested parties to protect their interests. *People v. Orth* (1961), 21 Ill. 2d 205, 171 N.E.2d 626.

The petitioner, however, specifically cites the interchange between First Lien's attorney, Bruce Buyer, and the judge to support their claim that the defendant "wilfully and intentionally misrepresented" to the court that Alan Jacobs was Janice's guardian *ad litem* in the tax proceedings so that consequently, Janice's interest was not properly represented. The judge inquired as to whether there was an incompetent involved and whether a guardian existed. Buyer responded, "Alan Jacobs was served."

We believe that these four words cannot be taken out of the context of the whole tax proceeding and also out of context of First Lien's reasonable efforts to serve notice on Janice prior to the proceedings in order to properly support an allegation of fraud necessary to a section 72 petition. Therefore, the trial court did not abuse its discretion when it dismissed this petition.

For the above reasons, we affirm the decision of the trial court.

Affirmed.

ROMITI, J., concurs.

JUSTICE JOHNSON, dissenting:

I dissent. In my opinion, the section 72 petition properly alleges fraud and states a cause of action. Findings of a court before which tax deed proceedings are held may not be collaterally attacked except as provided by section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72), and relief thereunder is available under proof of fraud. (*Zeve v. Levy* (1967), 37 Ill. 2d 404, 409, 226 N.E.2d 620, 623.) Fraud has been defined as a wrongful intent, an act calculated to deceive. (*Smith v. D.R.G., Inc.* (1976), 63 Ill. 2d 31, 37, 344 N.E.2d 468, 471.) Petitioner alleged that fraud was established by the following: at the hearing on its application for deed, First Lien knew, by virtue of its witness having checked the probate proceedings of Clyda Clark, that Alan Jacobs had been appointed as guardian *ad litem* for Janice Clark, an incompetent, only for the purpose of proof of will. Yet, petitioner claims, First Lien's witness and attorney wilfully misrepresented to the court that Janice Clark had either a guardian or guardian *ad litem* representing her in the tax deed proceeding and that he had been personally served with the required notice. Although Jacobs was served, he had no authority or responsibility to accept such notice on Janice Clark's behalf.

In *In re Application of County Treasurer* (1978), 67 Ill. App. 3d 122, 384 N.E.2d 729, the appellate court affirmed a finding of fraud where a man who had made more than 1,000 tax and title searches in 13 years failed to reveal the proper address of the owner at a hearing for tax deed. The court stated:

"[T]he purchaser withheld enough information to evidence a wrongful intent. Where the deed contains information to ascertain the truth concerning persons to be notified and the purchaser fails to notice it, there is sufficient evidence of bad faith to warrant concluding the deed was procured by fraud." 67 Ill. App. 3d 122, 132.

At a hearing on November 29, 1979, the court asked the following:

"THE COURT: No minors or incompetent?

MR. JACKSON: There is an incompetent.

THE COURT: But he's represented by a guardian.

MR. BUYER [attorney for First Lien]: Yes, Alan Jacobs was served."

In my opinion, petitioner's allegations of fraud are sufficient to state a cause of action under section 72 because First Lien did not advise the trial court that Jacobs was guardian of the incompetent only for purposes of proof of will.

Also, in my opinion, Janice Clark, by Georgetta Jackson, her next

friend, had standing to file a section 72 petition under section 11a—18(c) of the Probate Act of 1975 (Ill. Rev. Stat. 1979, ch. 110½, par. 11a—18(c)), which provides as follows:

> "(c) The guardian of the estate of a ward shall appear for and represent the ward in all legal proceedings unless another person is appointed for that purpose as guardian or next friend. *This does not impair the power of any court* to appoint a guardian ad litem or next friend to defend the interests of the ward in that court, or to appoint or *allow any person as the next friend of a ward to commence, prosecute or defend any proceeding in his behalf."* (Emphasis added.)

Finally, I would hold that lack of due diligence cannot be attributed to the incompetent Clark. In *Haas v. Westlake Community Hospital* (1980), 82 Ill. App. 3d 347, 349, 402 N.E.2d 883, 885, an incompetent was held not "accountable for any apparent delay, negligence or laches in seeking redress through the courts."

For the reasons stated above, I would reverse the decision of the circuit court of Cook County dismissing the section 72 petition.