IRVING R. ZIMMERMAN, as Guardian for Scott E. Zimmerman, a Disabled Person, Plaintiff-Appellant, v. THE VILLAGE OF SKOKIE et al., Defendants-Appellees.

First District (5th Division) No. 87—1236

Opinion filed August 5, 1988.—Rehearing denied September 29, 1988.

1002

Gary P. Hollander and Michael A. Klysh, both of Hollander & Hollander, of Chicago, for appellant.

Thomas M. Chrisham, Stephen D. Hurst, and Kathryn A. Spalding, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Jeffrey D. Greenspan, Assistant Corporation Counsel, of Skokie, of counsel), for appellees.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from an order denying his petition pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) to vacate a dismissal order. The order was entered against plaintiff pursuant to Illinois Supreme Court Rule 219 (107 Ill. 2d R. 219) for his failure to produce his son Scott Zimmerman (Scott) for deposition and his failure to respond to defendants' written discovery as required by court orders. We consider the following three issues: (1) whether the trial court abused its discretion when it denied plaintiff's petition; (2) whether the requirement of due diligence should be relaxed when the interests of a mentally disabled person are at stake; and (3) whether a mentally disabled person should be held to the consequences of his attorney's negligence. We vacate the order denying plaintiff's section 2—1401 petition and remand for reasons hereinafter set forth.

Pertinent to our disposition are the following facts.

On July 25, 1982, Scott was arrested for disorderly conduct and held in custody at the Skokie police department. Shortly after he was placed in a jail cell, he was found hanging by his trousers. After police officers resuscitated him, he received medical treatment. How-

ever, due to blood loss to the brain, Scott suffered brain damage.

On January 18, 1983, on plaintiff's petition to the probate court, Scott was declared a disabled person based on the court's finding that he suffers from "atypical mixed organic disorder with psychosis." Plaintiff was appointed plenary guardian of his estate and person.

On February 23, 1983, plaintiff filed this action seeking damages on Scott's behalf for personal injuries sustained as a result of the suicide attempt and alleged defendants are liable due to their willful and wanton conduct.

On May 24, 1983, defendants filed their first set of interrogatories and request for production to be answered in 28 days but plaintiff did not comply. On August 24, 1983, an order was entered requiring plaintiff to comply with written discovery. On November 1, 1984, defendants sent a letter to plaintiff pursuant to Illinois Supreme Court Rule 201(k) (107 Ill. 2d R. 201(k)), requesting plaintiff's response to interrogatories and request for production. Although plaintiff responded to the request for production on May 3, 1985, defendants claimed he failed to produce any documents. On September 9, 1985, another order was entered requiring plaintiff to comply with written discovery. On October 18, 1985, plaintiff complied with the order and filed his answers to interrogatories.

On April 22, 1985, defendants served plaintiff with a notice for Scott's deposition scheduled for May 31, 1985, but plaintiff did not produce Scott on that date. On December 26, 1985, a pretrial hearing was scheduled but plaintiff's counsel did not appear. The court ordered that depositions of nonexperts be completed by May 5, 1986.

On January 15, 1986, defendants moved to compel plaintiff to produce Scott for his deposition. Plaintiff responded by claiming that Scott is incompetent to testify as a witness because he does not understand the nature of taking an oath, does not know the difference between the truth and a lie, cannot remember events that occurred before a certain time, and cannot communicate events accurately. The court granted defendants' motion to compel Scott's attendance and ordered him to appear for a discovery deposition within the next 21 days.

Scott did not appear for his deposition within that period and on March 4, 1986, pursuant to defendants' motion for sanctions, Scott was again ordered to appear for his deposition on or before March 20, 1986. When Scott failed to comply with the court's order, defendants moved to dismiss plaintiff's complaint for his failure to comply with discovery requests and court orders pursuant to Illinois Su-

preme Court Rules 201 and 219. (107 Ill. 2d Rules 201, 219.) In support of their motion, defendants relied on the court orders entered to obtain plaintiff's compliance with written discovery as well as those orders entered to compel Scott's deposition. Plaintiff's counsel neither filed a response to the motion nor appeared at the hearing. On March 27, 1986, the court dismissed plaintiff's cause of action with prejudice and no appeal was taken from this order within 30 days.

On January 2, 1987, plaintiff, represented by a new attorney, filed a petition pursuant to section 2—1401 of the Code of Civil Procedure by which he sought to vacate the March 27, 1986, dismissal order. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401.) In the petition, plaintiff reasserted his position that Scott is incompetent and unable to understand the proceedings. Additionally, plaintiff stated for the first time that Scott's treating doctors believed that if Scott were deposed "it would be injurious to his health." He also stated that he gave this information to the attorney handling the case at the time but plaintiff believed this information was not communicated to the trial judge who dismissed the case. Plaintiff further alleged that if the trial court knew the deposition would be hazardous to Scott's health, it would not have dismissed the case for failure to produce him for the deposition. He also contended that the dismissal order is void for lack of jurisdiction and further argued that Scott is not a party to this case because he is represented by a guardian and, therefore, not required to comply with court orders compelling his deposition. However, we do not find any authority supporting this position nor has plaintiff supplied us with any.

On March 17, 1987, the court denied plaintiff's petition for section 2—1401 relief, finding that plaintiff was not diligent in presenting his claim prior to the entry of the dismissal order. The court did find, however, that plaintiff had a meritorious claim and was diligent in filing the petition. Plaintiff filed a timely notice of appeal requesting that this court reverse the order denying section 2—1401 relief entered on March 17, 1987, and reverse the dismissal order entered on March 27, 1986.

OPINION

■ Although plaintiff requests this court to review whether the dismissal of his cause of action entered on March 27, 1986, was an appropriate sanction for his failure to comply with discovery, he did not appeal from the dismissal order within 30 days after its entry. The propriety of the dismissal order was not timely appealed and, therefore, is technically not before this court. (*Brandon v. DeBusk*

(1980), 85 Ill. App. 3d 645, 407 N.E.2d 193.) Section 2—1401 is not intended to provide review of an order from which a party could have appealed within the time fixed by rule and cannot be invoked as a substitute for a party's right to appeal. *Chovan v. Floor Covering Associates, Inc.* (1987), 159 Ill. App. 3d 447, 512 N.E.2d 801.

Consequently, the only issue on appeal is whether the lower court properly denied plaintiff's petition for section 2—1401 relief.

■ The decision to vacate a final order or judgment is within the sound discretion of the trial court, and the appellate court will not disturb the decision absent abuse of discretion. (*Gayton v. Levi* (1986), 146 Ill. App. 3d 142, 496 N.E.2d 1045.) To be entitled to section 2—1401 relief, a petitioner must establish the following three elements: (1) the existence of a meritorious claim or defense; (2) due diligence in presenting the claim or defense to the lower court; and (3) due diligence in filing the petition for section 2—1401 relief. *Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 499 N.E.2d 1381.

In the case at bar, although the trial court found that plaintiff's petition established he had a meritorious claim and was diligent in filing his petition, it denied the petition, finding that plaintiff was not diligent in timely presenting his claim prior to the dismissal of his case. For purposes of this appeal, we therefore must consider whether the court erred in finding plaintiff was not diligent in presenting his claim prior to entry of the dismissal order.

■ When a party petitions for section 2—1401 relief from a dismissal order for failure to comply with discovery, he must show that the order was not entered because of his lack of due diligence. (*Chovan v. Floor Covering Associates, Inc.* (1987), 159 Ill. App. 3d 447, 512 N.E.2d 801.) Generally, the petitioner must provide a reasonable excuse for noncompliance and the burden is on the petitioner to establish by affidavit or otherwise that the noncompliance was warranted by extenuating circumstances. *Lohia v. Checker Taxi Co.* (1980), 92 Ill. App. 3d 491, 416 N.E.2d 32.

Our review of plaintiff's petition for section 2—1401 relief and his reply to defendants' motion to dismiss the petition reveals that plaintiff failed to set forth a reasonable excuse for noncompliance with discovery. Plaintiff does not offer any reason for his failure to produce Scott for his deposition as the court ordered, but, rather, only reiterates his conclusion that Scott is incompetent and cannot understand the nature of a deposition, a position he originally presented to the trial court in response to defendants' motion to compel Scott's deposition. Despite plaintiff's position, the court ordered Scott to appear for his deposition. If plaintiff disagreed with the

court's decision, he had several options available to him to contest the order: (1) move for reconsideration; or (2) stand in contempt of the order and appeal from the contempt order; or (3) produce Scott for his deposition and move the court to exclude the deposition as evidence at trial based on Scott's incompetency. Instead, plaintiff chose to ignore the court's order compelling Scott's deposition.

■ However, the purpose of a section 2—1401 petition is to bring to the court's attention facts that were unknown to the court at the time the order was entered and would have prevented its entry. (*Gayton v. Levi* (1986), 146 Ill. App. 3d 142, 496 N.E.2d 1045.) In his petition, plaintiff alleged he told his attorney that Scott's treating doctors felt his participation in a deposition would cause injury to his health. Plaintiff alleged that this information was not given to the trial judge prior to his decision to dismiss the case. We note that plaintiff's petition is deficient because it fails to state when this information became known to him, fails to state when he gave such information to his former attorney, does not name the doctors who provided him with this opinion, and does not contain medical reports concerning Scott's condition. Although there are deficiencies in the petition, we believe that if the trial court had been informed that a deposition would cause injury to Scott's health, it may not have dismissed the action. While as a general rule a section 2—1401 petition cannot relieve a party from his attorney's negligence (*Gayton v. Levi* (1986), 146 Ill. App. 3d 142, 496 N.E.2d 1045), the interests of a mentally disabled person are at stake here and we must consider whether equitable principles require us to vacate the order denying plaintiff's petition for section 2—1401 relief.

■ A petition for relief from a judgment or a decree is to be considered in light of equitable principles. (*Greenock v. Merkel* (1979), 71 Ill. App. 3d 958, 390 N.E.2d 78.) An incompetent is a favored person in the eyes of the law (*In re Estate of Berger* (1987), 166 Ill. App. 3d 1045, 520 N.E.2d 690), and courts have a special duty to protect their rights (*Proehl v. Leadley* (1967), 86 Ill. App. 2d 472, 230 N.E.2d 516). An incompetent cannot be held accountable for any apparent delay, negligence, or *laches* in seeking redress through the courts. *Haas v. Westlake Community Hospital* (1980), 82 Ill. App. 3d 347, 402 N.E.2d 883; see also *In re Application of County Treasurer* (1983), 112 Ill. App. 3d 144, 445 N.E.2d 395 (Johnson, J., dissenting) (on appeal from denial of petition for section 2—1401 relief, lack of due diligence on part of representative cannot be attributed to the incompetent).

In *Brandon v. DeBusk* (1980), 85 Ill. App. 3d 645, 407 N.E.2d

193, a factually similar case involving plaintiffs who were minors, the reviewing court found ample evidence to support the trial court's denial of the section 2—1401 petition, but the court reversed because the interests of minor litigants were at stake. The court held that the minors were entitled to special protection by the courts, particularly to see that their rights were protected even from the neglect of their representatives in the interest of substantial justice. Further, the court found that when minors are involved, the court should extensively pursue alternative sanctions for failure to comply with discovery.

■ We find the opinion in *Brandon* persuasive to our resolution of the case at bar. Disabled persons, as well as minors, are to be given special protection by the courts to protect their interests. Scott's interests may not have been adequately protected by his former attorney or his guardian. Accordingly we hold that in the context of petitions for section 2—1401 relief, an adjudicated mentally disabled person should not be strictly held to the lack of due diligence or negligence of his representatives.

■ We therefore vacate the denial of plaintiff's section 2—1401 petition and remand with directions that plaintiff be allowed to show that Scott's deposition should not be taken. If the court finds that such showing is insufficient, the court should again order Scott to appear, and if he does not, the court should enter an appropriate sanction for noncompliance, such as barring Scott's testimony at trial.

Order vacated and cause remanded for further proceedings consistent with this opinion.

Order vacated and cause remanded.

SULLIVAN and PINCHAM, JJ., concur.