MICHAEL BERNSTEIN, a Minor by his Father and Next Friend, Richard Bernstein, Plaintiffs-Appellees, v. GOTTLIEB MEMORIAL HOSPITAL *et al.*, Defendants-Appellants.

First District (2nd Division)   Nos. 1—88—1129, 1—88—1132 cons.

Opinion filed June 13, 1989.—Rehearing denied August 11, 1989.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (John Langhenry, Stephen Swofford, and Lynn Dowd, of counsel), for appellants Gottlieb Memorial Hospital and Rosemary Carroll.

Wildman, Harrold, Allen & Dixon, of Chicago (Mark Fedota and Ruth VanDemark, of counsel), for appellant Hai Solomon.

Lane & Munday, of Chicago (Stephen I. Lane, of counsel), for appellees.

JUSTICE HARTMAN delivered the opinion of the court:

This court allowed a Supreme Court Rule 308 (107 Ill. 2d R. 308) interlocutory appeal in this case based upon the following circuit court statement and question:

"Plaintiff, born in 1967, in 1971, filed a medical malpractice action. In 1975, the case was D.W.P. Plaintiff refiled in 1975. In 1978 the case again was D.W.P. Plaintiff refiled in 1980. In 1985, plaintiff filed a fourth time and the day after filing, took a voluntary dismissal of the 1980 case.

The question is whether the 1985 action is barred and should be dismissed on motion."

The circuit court, by a memorandum opinion and order, held that the action was not so barred and denied defendants' motions to dismiss.

Because of the serpentinous path created by the history of these cases, a somewhat detailed description of the procedures followed is necessitated.

Plaintiff Michael Bernstein (Michael) was born on June 16, 1967. On August 24, 1971, Michael, by his father and next friend Richard Bernstein (Richard), filed a two-count complaint (1971 complaint) against defendants Gottlieb Memorial Hospital (Hospital), Dr. Hai Solomon, M.D. (Dr. Solomon), and Rosemary Carroll, R.N. (Carroll) (sometimes collectively defendants). The gravamen of the complaint was that on June 16, 1967, the Hospital, by and through its "agents, servants and employees, including [Carroll]" was negligent in, *inter alia*: administering a drug known as pitocin to Ofra Bernstein (Ofra), Michael's mother, while she was in labor and immediately preceding Michael's birth, which proximately caused Ofra's frequent and prolonged labor contractions causing serious injury to Michael, then a viable full-term fetus subsequently born alive. Dr. Solomon was alleged guilty on June 16, 1986, of carelessly and negligently treating Ofra resulting in injury to plaintiff, administering pitocin to Ofra, failing to discontinue use of pitocin during Ofra's advanced stages of labor, and failing to inspect or observe Ofra's condition during treatment with pitocin.

The circuit court entered an order on October 2, 1975, dismissing the 1971 complaint for want of prosecution; Richard refiled Michael's claim[1] (1975 complaint), on November 12, 1975. By order entered

---

[1]The contents of this and all subsequent complaints filed by Richard were identical to the 1971 complaint.

June 15, 1978, the court dismissed the 1975 complaint for want of prosecution with prejudice, adding, "This cause was previously filed in 1967 [*sic*] and after having been on the call for seven (7) years was dismissed for want of prosecution."

Pursuant to a motion filed by Richard, on a date not apparent from the record, the circuit court ordered on October 25, 1978, the vacatur of all prior orders of dismissal and then, on the same date, again dismissed the 1975 complaint for want of prosecution.

On May 6, 1980, Richard filed a third complaint (1980 complaint). Although Richard achieved timely service of the 1980 complaint on the Hospital and Carroll, Dr. Solomon was not served until four years later, on May 14, 1984. Dr. Solomon filed a motion on June 13, 1984, and on June 17, 1984, an amended motion, to dismiss the 1980 complaint, citing Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)), and arguing that Richard failed to exercise due diligence in serving him and that the complaint was barred by *laches*.

The circuit court dismissed count II of the 1980 complaint with prejudice on August 30, 1984, but then, on July 12, 1985, and pursuant to Richard's motion, vacated the August 30, 1984, order of dismissal.

Dr. Solomon renewed his motion to dismiss on July 24, 1985, and on August 13, 1985, filed a response in opposition to Richard's motion to voluntarily dismiss the 1980 complaint. Richard filed a complaint for the fourth time (1985 complaint), on August 14, 1985. The following day, the circuit court granted Richard's motion for a voluntary dismissal and dismissed the 1980 complaint without prejudice.

On September 23, 1986, this court issued a Supreme Court Rule 23 order (124 Ill. 2d R. 23) disposing of Dr. Solomon's appeal of the August 15, 1985, order and remanding the cause to the circuit court for further consideration of the Rule 103(b) motion.

On October 26, 1987, Dr. Solomon moved to dismiss both the 1980 and 1985 complaints. The Hospital and Carroll similarly moved to dismiss Michael's "cause of action" on December 4, 1987, although their motion did not specify which complaint they desired to have dismissed. Richard responded to "All Defendants' " motions to dismiss on January 7, 1988, to which the Hospital and Carroll replied on February 5, 1988. Dr. Solomon replied thereto on January 29, 1988.

By a memorandum opinion and order issued March 16, 1988, the circuit court denied the motion to dismiss the 1985 complaint and granted the motion to dismiss the 1980 complaint.

Dr. Solomon filed a motion on March 25, 1988, to certify a question to this court under Supreme Court Rule 308 (107 Ill. 2d R. 308),

which we allowed as first mentioned.

# I

Defendants urge that the circuit court erred in denying their motions to dismiss Richard's 1985 complaint, insisting that Richard improperly filed the 1980 and 1985 complaints in violation of section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—217), which states in relevant part:

> "In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if *** the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution *** then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, after *** the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution ***."

Unless restricted by operation of this statute, defendants continue, Richard possesses the unfettered ability to renew his claim against defendants as many times as he desires prior to the exhaustion, up to four years after he attains majority, of the pertinent statute of limitations. Ill. Rev. Stat. 1985, ch. 110, pars. 13—211, 13—212.

■ The language of section 13—217 judicially has been construed to mean that, under circumstances enumerated in the statute, a plaintiff may refile his claim once before the expiration of the applicable statute of limitations or within a single year, whichever period is greater. (*Gendek v. Jehangir* (1988), 119 Ill. 2d 338, 340, 518 N.E.2d 1051; *Tuch v. McMillen* (1988), 167 Ill. App. 3d 747, 750, 521 N.E.2d 1218; *Fanaro v. First National Bank* (1987), 160 Ill. App. 3d 1030, 1034, 513 N.E.2d 1041; *Walicek v. Ciba-Geigy Corp.* (1987), 155 Ill. App. 3d 667, 671, 508 N.E.2d 246, *appeal denied* (1987), 116 Ill. 2d 577.) Although the statute is remedial in nature (*Fanaro v. First National Bank*, 160 Ill. App. 3d at 1034), its limited refiling provision is intended to serve as an "aid to the diligent, not a refuge for the negligent" (*Gendek v. Jehangir*, 119 Ill. 2d at 343), and to spare defendants "harassing renewal[s] of litigation" through repeated filings of virtually identical claims. *Gendek v. Jehangir*, 119 Ill. 2d at 343; *Tuch v. McMillen*, 167 Ill. App. 3d at 750.

■ Richard contends that section 13—217 allows multiple refilings until the limitations period on his claim expires, and erroneously asserts that in each of the decisions cited by defendants, the

statute of limitations was exhausted before the plaintiff attempted to renew a claim. In *Walicek v. Ciba-Geigy Corp.* (155 Ill. App. 3d at 671), plaintiff filed his complaint twice prior to the expiration of the limitations period, which ran almost two months after dismissal of the second complaint. The *Walicek* court found section 13—217 expressly permits one, and only one, refiling of the claim "even if the statute of limitations has not expired," and therefore reversed the circuit court's denial of defendants' motion to dismiss plaintiff's third complaint.

The result reached in *Walicek*, moreover, is wholly consistent with prior decisions which interpreted "a new action" in section 13—217, and its predecessor, section 24 of the Limitations Act (Ill. Rev. Stat. 1967, ch. 83, par. 24a) to mean one refiling only. (See *Harrison v. Woyahn* (7th Cir. 1958), 261 F.2d 412, 413; *Smith v. Chicago Transit Authority* (1978), 67 Ill. App. 3d 385, 387-88, 385 N.E.2d 62.) Furthermore, *Walicek* adheres to rules of statutory construction by giving effect to the plain meaning of the phrase "whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action" (Ill. Rev. Stat. 1985, ch. 110, par. 13—217). *Franzese v. Trinko* (1977), 66 Ill. 2d 136, 139-40, 361 N.E.2d 585.

Richard maintains that the recent decision in *Relaford v. Kyaw* (1988), 173 Ill. App. 3d 1034, 1041-42, 527 N.E.2d 1328, supports his position and should be followed here. In that case, the fifth district found the third assertion of plaintiff's complaint, previously the object of two voluntary dismissals, permissible because it was filed prior to the expiration of the statute of limitations. The *Relaford* court relied solely on *Gendek v. Jehangir*, in which the supreme court answered the discrete issue of whether a plaintiff who takes a voluntary dismissal of his original action, after the exhaustion of the relevant limitations period, is entitled to only one refiling within a year. (*Gendek v. Jehangir*, 119 Ill. 2d at 340-41.) It should be observed that the *Relaford* voluntary dismissals and refilings took place within a seven-month period, the defendants there had not yet appeared or answered, and the actions there were not taken to avoid a probable adverse ruling, as in the present case. Nevertheless, in our opinion, *Relaford* reached a result contrary to our understanding of precedent case law and tenets of statutory interpretation set forth above and we respectfully decline to follow it.

Richard's reliance on *Casillas v. Rosengren* (1967), 86 Ill. App. 2d 139, 229 N.E.2d 141, is equally misplaced. There, suit was filed in Kane County on behalf of the minor plaintiff "shortly [after]" she suf-

fered injury in March 1962. The circuit court dismissed the complaint in March 1964 for want of prosecution and, 23 months later, plaintiff filed a petition to vacate the dismissal pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1965, ch. 110, par. 72). Upon denial of the motion to vacate, plaintiff again filed suit in March 1966 in Kane County. The court dismissed this second complaint three weeks later based on the denial of plaintiff's previous motion to vacate. When plaintiff filed a third complaint in Cook County, the circuit court dismissed the action in October 1966, stating that the March 1966 order of the Kane County circuit court was binding on "all other courts of like jurisdiction."

Critical to the holding in *Casillas* was a prior rendering of section 24 which allowed renewal of claims if filed within one year of the contingencies enumerated therein *and* "if the time limited for bringing such action shall have expired during the pendency of such [*i.e.*, the initial] suit." (Ill. Rev. Stat. 1965, ch. 83, par. 24a.) That version of section 24 necessarily required exhaustion of the applicable limitations period before the savings statute could be invoked,[2] as contrasted with the current statute, which limits the refiling of claims "whether or not the time limitation for bringing such action expires during the pendency of such action."[3]

For the foregoing reasons, Richard's 1980 and 1985 complaints should have been dismissed.

## II

Richard contends that permitting a minor plaintiff multiple refilings of his claim before the expiration of the statute of limitations is consistent with Illinois public policy.

■ Cases relied on by Richard recite the well-established and un-

---

[2]*Hamilton v. Vaden* (Okla. 1986), 721 P.2d 412, 418, supports this conclusion. In *Hamilton*, the Oklahoma Supreme Court held that Oklahoma's savings statute, which is similar to the version of section 24 construed in *Casillas*, "simply does not apply" if the limitations period applicable to the minor plaintiff's cause of action "has not run against the plaintiff." (721 P.2d at 418.) The result reached by New York courts is the same. See *Gundershein v. Bradley-Mahoney Coal Corp.* (1946), 295 N.Y. 539, 540, 68 N.E.2d 599, 599; *Russo v. City of New York* (1932), 258 N.Y. 344, 349, 179 N.E. 762, 764; *Martello v. Board of Education* (1966), 49 Misc. 2d 551, ____, 267 N.Y.S.2d 963, 965; *Williams v. Board of Education* (1943), 182 Misc. 619, ____, 45 N.Y.S.2d 385, 386.

[3]The rendering of section 24 apparently relied on in *Casillas* and in effect when that plaintiff filed her second and third complaints stated in pertinent part (Ill. Rev. Stat. 1965, ch. 83, par. 24a):

"In any of the actions specified in any of the sections of this act or any

questioned principle that our courts regard minors with special interest and will not abandon their rights to the "whim or mercy of some self-constituted next friend." (See *Severs v. Country Mutual Insurance Co.* (1982), 89 Ill. 2d 515, 520-21, 434 N.E.2d 290; *Zimmerman v. Village of Skokie* (1988), 174 Ill. App. 3d 1001, 1008, 529 N.E.2d 599; *Brandon v. DeBusk* (1980), 85 Ill. App. 3d 645, 648, 407 N.E.2d 193.) In *Severs,* the injured minor child's parent neglected to bring *any* action to secure a recovery for her injuries within a two-year limitations period provided by an uninsured motorist insurance policy. Here, action has been taken, albeit too often. In both *Brandon* and *Zimmerman,* a parent, acting as next friend or guardian, filed a complaint on behalf of his children (*Brandon,* 85 Ill. App. 3d 645, 407 N.E.2d 193) or a child (*Zimmerman,* 174 Ill. App. 3d 1001, 529 N.E.2d 599) for injuries suffered by them, who in *Brandon* were minors and in *Zimmerman* was mentally incompetent. Violation of discovery rules by plaintiffs culminated in the dismissals of their claims, to which they unsuccessfully responded with motions to vacate under section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401).

The court in *Brandon* reversed and remanded, directing the lower court to explore "alternative sanctions" because of the minor litigants. The court noted, however, that notwithstanding the involvement of minors, if the alternative sanctions did not secure the desired result, dismissal could be entered. (*Brandon v. DeBusk,* 85 Ill. App. 3d at 648.) In *Zimmerman,* the court reversed the circuit court's ruling because of the minor incompetent plaintiff, but noted that partial discovery had been fulfilled by plaintiff and that plaintiff's doctors had advised against his testifying at deposition as injurious to his health, equities which supported the section 2—1401 (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401) petition. (*Zimmerman v. Village*

other act *** where the time of commencement of any action is limited *** if the plaintiff has heretofore been nonsuited or shall be nonsuited, then, if the time limited for bringing such action shall have expired during the pendency of such suit, the plaintiff *** may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after."

Effective July 1, 1967 (Ill. Const. 1870, art. IV, §13) amendments to section 24 altered it to read (Ill. Rev. Stat. 1967, ch. 83, par. 24a):

"In the actions specified in this Act or any other act *** if the plaintiff is nonsuited, or the action is dismissed for want of prosecution then, whether or not the time limitation for bringing such action expires during the pendency of such suit, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, after *** the plaintiff is nonsuited or the action is dismissed for want of prosecution."

*of Skokie,* 174 Ill. App. 3d at 1007.) In contrast, here plaintiff's actions were dismissed for want of prosecution twice, and once again for failure to serve Dr. Solomon until four years after the third suit was filed, case histories devoid of equities.

As noted in preceding passages, the theory animating the one-refiling restriction of section 13—217 is to provide aid to the diligent, not a refuge for the negligent or indifferent.

### III

Defendants assert that Supreme Court Rule 273 (107 Ill. 2d R. 273) also bars multiple revivals of Richard's cause of action upon application of the principles of *res judicata* and of Rule 103(b). Rule 273 states:

> "Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication on the merits." (107 Ill. 2d R. 273.)

Defendants maintain that the second dismissal for want of prosecution of Michael's 1975 complaint, entered October 25, 1978, constituted an adjudication on the merits and therefore precluded a third filing of the claim by operation of the principles of *res judicata. In re Estate of Nuyen* (1982), 111 Ill. App. 3d 216, 443 N.E.2d 1099.

■ A dismissal for want of prosecution is not an adjudication on the merits and does not prevent subsequent claims arising from the same issues. (*Fanaro v. First National Bank,* 160 Ill. App. 3d at 1035; *Kraus v. Metropolitan Two Illinois Center* (1986), 146 Ill. App. 3d 210, 212, 496 N.E.2d 1080; *O'Reilly v. Gerber* (1981), 95 Ill. App. 3d 947, 950, 420 N.E.2d 425.) Section 13—217, moreover, constitutes a statute which "otherwise specifies" and, therefore, by its own terms, allows a single refiling of a claim dismissed for want of prosecution. Nevertheless, a dismissal for want of prosecution does amount to an adjudication on the merits where, as here, the court dismisses a complaint for want of prosecution a second time. See *Fanaro v. First National Bank,* 160 Ill. App. 3d at 1035.

Even were we to assume, as Richard suggests, that the dismissal of his 1980 action was voluntary because he did not object to it, his 1985 action against Dr. Solomon is barred by Rule 273, and the right to refile granted by section 13—217 is unavailable to him. Dr. Solomon was not served until four years after Richard's 1980 action was instituted. Dr. Solomon filed a Rule 103(b) motion to dismiss which was granted, with prejudice. Richard thereafter filed a petition for re-

hearing which was heard almost a year later, by another judge who vacated the dismissal order and granted Dr. Solomon leave to file an amended motion to dismiss. Richard presented a motion to voluntarily dismiss the 1980 action at a hearing held before the scheduled hearing on the Rule 103(b) motion to dismiss. The day before the hearing on the motion to voluntarily dismiss the 1980 action, Richard filed his 1985 action, which was granted. Dr. Solomon appealed.

The order voluntarily dismissing Richard's 1980 action was vacated on appeal by this court, which directed the circuit court on remand "[to] consider the Rule 103(b) motion on its merits." (*Bernstein v. Solomon* (1st Dist. 1986), No. 85—2786 (unpublished Rule 23 order).) On remand, the circuit court granted the motion to dismiss the 1980 action and the order entered was final and without qualification. We hold that the order also, then, required the dismissal of Richard's 1985 action.

Dr. Solomon's Rule 103(b) motion was based upon circumstances showing that, after two prior lawsuits, both of which were dismissed for want of prosecution, Richard waited for four years to serve him in the third lawsuit. Our supreme court recently emphasized and reemphasized that *"nothing is more critical* to the judicial function than the administration of justice without delay" and that "reasonable diligence in the service of process, as required by Rule 103(b), *is essential to rendering justice fairly and promptly."* (Emphasis added.) (*Muskat v. Sternberg* (1988), 122 Ill. 2d 41, 48, 521 N.E.2d 932.) Dr. Solomon's Rule 103(b) motion therefore was well founded. (*Hanna v. Kelly* (1980), 91 Ill. App. 3d 896, 414 N.E.2d 1262; *Greenwood v. Blondell* (1980), 85 Ill. App. 3d 186, 406 N.E.2d 204.) The order entered dismissing the 1980 case was final for purpose of Rule 273. Richard's action against Dr. Solomon could not be refiled under section 13—217. There is nothing in the case law, rules or statutes to suggest that the due diligence mandated by Rule 103(b) is inapplicable to actions governed by long statutes of limitations[4] or to minors and those under legal disabilities.[5]

■■ The circuit court order granting Dr. Solomon's Rule 103(b) motion to dismiss the 1980 action against him also should have al-

---

[4]See, *e.g.*, Ill. Rev. Stat. 1987, ch. 110, pars. 13—202.1 (no limitation), 13—118 (40 years), 13—101, 13—116 (20 years), 13—206, 13—214.1 (10 years), 13—102, 13—103, 13—107 (7 years).

[5]See, *e.g.*, Ill. Rev. Stat. 1987, ch. 110, pars. 13—214(c) (minority or legal disability plus 4/10 years), 13—112, 13—211 (minority or legal disability plus 2 years), 13—213(d) (minority or legal disability plus 2/8 years), 13—212(b) (8 years but 22nd birthday at latest).

lowed his motion to dismiss Richard's 1985 action for the further reason that an order of dismissal based on Rule 103(b) is not an order that gives a plaintiff the right to refile under section 13—217. See *Keilholz v. Chicago & North Western Ry. Co.* (1974), 59 Ill. 2d 34, 37, 319 N.E.2d 46; *Wallace v. Smith* (1979), 75 Ill. App. 3d 739, 394 N.E.2d 665.

The circuit court reached its decision in the case *sub judice* "reluctantly," noting that plaintiff had "subjected defendants to four suits over 14 years" and that any "meritorious cause of action" could have been asserted in 1971. The court continued:

> "Surely the courts must protect the rights of minors. Because they are minors, by law they may sue in general until they attain the [age of] 20, or the usual limitation period expires. But once the minor invokes the aid of the court, then he/she is treated much like an adult, since represented by a 'next friend,' typically, as here, a parent and counsel. The minor is expected to file proper pleadings, to respond in discovery, to appear for deposition (depending on age), appear as a witness, etc. The usually [*sic*] rules of *res judicata* apply to the minor. Indeed, the rules could scarcely be otherwise, else a defendant could be subjected to intolerable burdens.

> In the case of the adult plaintiff, the right to refile within the statute has little meaning; typically the limitation period is short, two years for personal injury, and by the time the suit is refiled, he/she must use Sec. 13—217 and is restricted to one filing. But here plaintiff was only four when the first suit was filed. Moreover, counsel declares that plaintiff is incompetent, and if this is true, there may never be a limitation period during his life. Thus, plaintiff could continue to dismiss and refile.

> If I were writing on a clean slate, I would hold that a plaintiff may refile once only before, as well as after the statute."

The circuit court then thought itself bound to hold otherwise by precedent.

As indicated above, we take a contrary view and are compelled to reverse and remand for entry of dismissal as to all defendants, answering the certified question in the affirmative.


Reversed and remanded.

BILANDIC, P.J., and SCARIANO, J., concur.