# Illinois Official Reports

## Appellate Court

*Doe 1 v. Board of Education of the City of Chicago*, 2017 IL App (1st) 150109

| | |
|---|---|
| Appellate Court Caption | JOHN DOE 1, a Minor, by His Mother and Next Friend, Jane Doe; JANE DOE, Individually; JOHN DOE 2, a Minor, by His Father and Next Friend, John Doe 3; and JOHN DOE 3, Individually, Plaintiffs-Appellants, v. THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, a Body Politic and Corporate; EDISON PARK ELEMENTARY SCHOOL, a Chicago Public School; ARLENE UCHIZONO, as Agent of the Board of Education of the City of Chicago and Edison Park Elementary School; and V.Z., a Minor, by and Through His Father, John Doe 4, Defendants-Appellees. |
| District & No. | First District, Fifth Division Docket No. 1-15-0109 |
| Rule 23 order filed Rule 23 order withdrawn Opinion filed | December 30, 2016 February 7, 2017 February 10, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-L-3953; the Hon. William Gomolinski, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | George Argionis and Lisa DeLeon, of Argionis & Associates, of Chicago, for appellants. |
| | John F. Grady and Lauren F. Catlin, of Grady Bell LLP, and Robert T. Shannon, Jennifer M. Ballard, and Gretchen Harris Sperry, of Hinshaw & Culbertson, LLP, both of Chicago, for appellees. |

JUSTICE HALL delivered the judgment of the court, with opinion. Presiding Justice Gordon and Justice Reyes concurred in the judgment and opinion.

## OPINION

¶ 1 This is an interlocutory appeal brought pursuant to Illinois Supreme Court Rule 304(b)(5) (eff. Feb. 26, 2010) seeking review of a contempt order and the discovery order denying plaintiffs' motion for a protective order.

¶ 2 BACKGROUND

¶ 3 Plaintiffs, John Doe 1 and 2, filed their initial complaint against the Board of Education of the City of Chicago (Board) and Edison Park Elementary School (School) on April 13, 2012. In it, they alleged that, between April 2011 and February 2012, the School employees failed to properly supervise the students during recess and that, as a result, the minor plaintiffs, John Doe 1 and 2, and minor defendant, V.Z., engaged in sexual contact among themselves in the school bathroom. Plaintiffs later amended their complaint on June 4, 2012, to add Arlene Uchizono, a kindergarten teacher, as a defendant and again on March 21, 2013, adding claims of battery against V.Z. and his father, John Doe 4.

¶ 4 During discovery, plaintiffs Jane Doe and John Doe 3 sat for depositions in which they stated that their knowledge of the alleged incidents was limited to the information they received from their children and that they had no personal knowledge of the incidents. They testified that they were told that the incidents occurred during the period from kindergarten to first grade. Neither parent could provide specific dates of when the alleged incidents occurred, nor could they testify to the specific number of times the alleged sexual contact occurred. Jane Doe testified that she was told that the incidents occurred more than 10 times whereas John Doe 3 testified that there were multiple incidents. Further, Jane Doe testified that she did not know whether her son suffered from any physical injuries resulting from the alleged incidents. John Doe 3 also stated that he never observed any signs of physical injury to his son and denied having any knowledge of some of the specific sexual acts alleged in the plaintiffs' complaint.

¶ 5 John Doe 2's mother, K.L., was also deposed, and she testified that she had no personal knowledge of the incidents. She stated that John Doe 2 never told her exactly what occurred in the bathroom. She also stated that the alleged incidents only occurred in kindergarten and not in the first grade.

¶ 6 Following the depositions of the plaintiffs' parents, defendants sought to depose John Doe 1 and 2. In response, plaintiffs filed a motion for a protective order which requested that the court require the use of forensic interviews in lieu of attorney-conducted depositions. Plaintiffs argued that a conventional deposition could "reinvest the trauma and cause reinjury to all the children." In support of their argument, plaintiffs attached a letter from John Doe 1's mental health physician, Dr. Tamara Garrity, which recommended that John Doe 1 not be deposed. At the time of the protective order's filing, John Doe 2 was no longer seeing a therapist and had not done so for at least a year and a half.

¶ 7    The defendants objected to plaintiffs' motion for a protective order, and the parties appeared before Judge Gomolinski to argue the merits of granting or denying the order. After hearing the parties' arguments, the court declined to enter the protective order requiring the use of forensic interviews and instead concluded that the minor plaintiffs would undergo an independent medical examination (IME) to determine whether the minor plaintiffs were capable of sitting for deposition. The parties agreed that the minor plaintiffs would be evaluated by child psychiatrists, and the court stated the parties were to select and agree on the doctors provided by the court.

¶ 8    The parties selected Dr. Thomas Owley and Dr. Rachel Loftin to serve as independent medical examiners. On October 16, 2014, the parties received the IME reports on the minor plaintiffs. John Doe 1 declined to participate in the interview on two separate occasions. The doctors noted that John Doe 1 was anxious and that retelling the experiences at school would create undue stress on him and would exacerbate his symptoms of anxiety. The doctors also stated that it was highly unlikely that John Doe 1 would provide adequate answers to questions because of his anxiety and tendency to shut down when distressed.

¶ 9    In regard to John Doe 2, the doctors noted that he displayed some symptoms of anxiety but not to the extent that it significantly impacted his functioning. They stated he was pleasant and interactive throughout the interview. The doctors also found that his skill in telling a narrative was below average, and they opined that his deficits in providing a narrative would make it difficult to answer questions in a fashion that would aid in the proceedings.

¶ 10    Ultimately, the doctors recommended that the children not be exposed to a conventional deposition due to the likelihood of causing them stress. They proposed three different alternatives and provided several considerations for the court that could aid the children during their depositions.

¶ 11    On October 30, 2014, the court ruled that the minor plaintiffs would sit for attorney conducted depositions, but the depositions were to be conducted consistent with the doctors' considerations. Plaintiffs filed a motion to reconsider, which was denied. The court entered a protective order adopting the defendants' protocol, which included the following terms: (1) the depositions were to take place at the doctor's office or another agreed location; (2) the witness, two relatives, one treating physician, a court reporter, and one attorney for each party would be allowed in the deposition room; (3) the treating physician could only advise the witness's counsel and had no authority to object or suspend the deposition; (4) other parties, attorneys, and consultants/experts would view the deposition in a nearby room with a live feed with the parties splitting the cost of technology; (5) all participants were required to wear informal clothes as recommended by Dr. Owley; (6) furniture in the deposition room would be child-sized as recommended by Dr. Owley; (7) frequent breaks would be permitted as recommended by Dr. Owley; (8) the ordinary rules and procedures governing depositions would otherwise apply; (9) depositions were to proceed in three, 60-minute sessions; and (10) all participants agreed to be bound by the terms of the order.

¶ 12    On December 15, 2014, plaintiffs' representatives refused to present the minor plaintiffs for deposition as ordered by the court. As a result, on December 19, 2014, the court held them in friendly contempt and fined them $1. On January 7, 2015, plaintiffs appealed.

¶ 13                                    ANALYSIS

¶ 14        The primary issue on appeal is plaintiffs' disagreement with the circuit court's discovery order denying plaintiffs' motion for protective order. Because discovery orders are not final orders, they are not ordinarily appealable. *Norskog v. Pfiel*, 197 Ill. 2d 60, 69 (2001). However, it is well-settled that the correctness of a discovery order may be tested through contempt proceedings. *Id.* When an individual appeals contempt sanctions imposed for violating, or threatening to violate, a pretrial discovery order, the discovery order is subject to review. *Id.* Where the circuit court's ruling on a discovery matter is subject to review and does not involve a question of law, it is reviewed for an abuse of discretion. *Reda v. Advocate Health Care*, 199 Ill. 2d 47, 54 (2002).

¶ 15        An abuse of discretion exists where the trial court's decision is arbitrary, fanciful, or unreasonable, such that no reasonable person would take the view adopted by the trial court. *People v. Schlott*, 2015 IL App (3d) 130725, ¶ 24. Plaintiffs argue that the trial court abused its discretion when it failed to consider the serious harm they would suffer if they were forced to give their depositions. They claim that Illinois Supreme Court Rule 201(c)(1) requires the trial court to weigh a party's need for the information against the harm incurred by the person providing it. Ill. S. Ct. R. 201(c) (eff. July 1, 2014). Plaintiffs maintain that, in this case, the potential for psychological harm is so great that the circuit court should not have ordered the plaintiffs to sit for attorney-conducted depositions in lieu of forensic interviews. We disagree.

¶ 16        The object of discovery procedures is disclosure, and the right of any party to a discovery deposition is "basic and fundamental." *Slatten v. City of Chicago*, 12 Ill. App. 3d 808, 813 (1973). The powers vested in the trial court require a careful exercise of its discretion to balance the needs of seeking the truth against the needless harassment of a party litigant. *Cedric Spring & Associates, Inc. v. N.E.I. Corp.*, 81 Ill. App. 3d 1031, 1034 (1980). Illinois Supreme Court Rule 201 gives a trial court the authority to supervise all or any part of any discovery procedure. Ill. S. Ct. R. 201(c)(2) (eff. July 1, 2014). The rule makes it clear that discovery procedures were designed to be flexible and adaptable to the infinite variety of cases and circumstances appearing before the trial court. *Atwood v. Warner Electric Brake & Clutch Co.*, 239 Ill. App. 3d 81, 88 (1992). To that end, Rule 201(c)(1) permits the court to issue a protective order as justice requires. Ill. S. Ct. R. 201(c)(1) (eff. July 1, 2014). Specifically, the rule provides: "[t]he court may at any time on its own initiative, or on motion of any party or witness, make a protective order as justice requires, denying, limiting, conditioning, or regulating discovery to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or oppression." *Id.*

¶ 17        Plaintiffs argue the trial court abused its discretion by refusing to protect the minor plaintiffs by ordering the plaintiffs undergo forensic interviews in lieu of attorney-conducted depositions. In support of their contention, plaintiffs cite to the decision in *Zimmerman v. Village of Skokie*, 174 Ill. App. 3d 1001, 1008 (1988), where the reviewing court stated that "[d]isabled persons, as well as minors, are to be given special protection by the courts to protect their interests." We find plaintiffs' reliance on *Zimmerman* is misplaced.

¶ 18        In *Zimmerman*, the plaintiff was an adjudicated mentally disabled person, and his representatives refused to comply with the circuit court's discovery order requiring that he appear and sit for deposition. *Id.* at 1004. In response, the defendant filed a motion to dismiss for failure to comply with the discovery request. *Id.* Plaintiff's counsel neither filed a response to the motion nor appeared at the hearing. *Id.* at 1005. As a result, the circuit court dismissed

plaintiff's cause of action with prejudice. *Id.* Plaintiff did not appeal the dismissal within 30 days and later, through new counsel, filed a petition pursuant to section 2-1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, ¶ 2-1401). *Zimmerman*, 174 Ill. App. 3d at 1005. The trial court denied plaintiff's petition finding that he was not diligent in presenting his claim prior to the entry of the dismissal order. *Id.* On appeal, the reviewing court was tasked with determining, within the context of a section 2-1401 petition, whether an adjudicated mentally disabled person should be strictly held to the lack of due diligence or negligence of his representatives when seeking section 2-1401 relief. See *id.* at 1007-08. The reviewing court answered that question in the negative and found that principles of equity required the court to protect the plaintiff's interests where such interests may have not been protected by his former attorney or guardian. *Id.* at 1008. Consequently, the reviewing court vacated the denial of plaintiff's section 2-1401 petition and remanded the case with instructions that plaintiff be allowed to show that his deposition should not be taken. *Id.*

¶ 19    In the present case, the crux of plaintiffs' argument is that the word "interests," as used in *Zimmerman*, includes a minor's mental health; however, *Zimmerman* dealt with the specific issue of a minor or mentally disabled person's legal rights being protected by the court under circumstances where his or her guardian or counsel has neglected to do so. See *id.* In support of its conclusion, the reviewing court cited the holding in *Brandon v. DeBusk*, 85 Ill. App. 3d 645 (1980), where the court held that it was in the interest of substantial justice that the minors in that case receive special protection by the courts so that their rights were protected from the neglect of their representatives. *Zimmerman*, 174 Ill. App. 3d at 1008. In the present case, neither the parties nor the court are disputing whether plaintiffs' guardians or counsel are adequately protecting the minors' rights. Therefore, the holding in *Zimmerman* is inapplicable to this case and does not support the conclusion that the circuit court abused its discretion.

¶ 20    In further support of their argument, plaintiffs also cite to *Burton v. Estrada*, 149 Ill. App. 3d 965, 976 (1986), where the reviewing court recognized that the plaintiff's minor status made her a ward of the court when involved in litigation and that the court has a duty and broad discretion to protect her interests. Similar to *Zimmerman*, the *Burton* court addressed a scenario where courts have a duty and discretion to protect a minor plaintiff's legal rights. *Burton*, 149 Ill. App. 3d at 976 (citing *Mastroianni v. Curtis*, 78 Ill. App. 3d 97, 99-100 (1979)). In *Burton*, the reviewing court interpreted a provision of the Probate Act of 1975 (Ill. Rev. Stat. 1985, ch. 110½, ¶ 19-8) and determined that the provision was designed to substitute a judicial determination for the guardian's personal discretion in order to provide additional protection to minor plaintiffs who enter into settlement agreements. *Burton*, 149 Ill. App. 3d at 976. At issue in this case is not whether the circuit court had a duty to act as an additional layer of protection against the discretion of plaintiffs' representatives but rather whether any reasonable person would have implemented the protections utilized in the circuit court's discovery order. *Schlott*, 2015 IL App (3d) 130725, ¶ 24. Thus, the decision in *Burton* is inapplicable to the present case.

¶ 21    Next, plaintiffs cite to *In re A.W.*, 397 Ill. App. 3d 868 (2010), for the proposition that a child need not testify where such testimony would cause psychological harm. However, we find the facts in that case are distinguishable from those before this Court. In *A.W.*, the respondent appealed the circuit court's decision barring her from calling her son as a witness at a best interest hearing and argued that the circuit court's decision violated her due process rights under the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1-5 (West 2008)). *A.W.*, 397

Ill. App. 3d at 872. In rejecting the respondent's contention, the reviewing court noted that proceedings under the Act are not intended to be adversarial in character and that the primary concern under the Act is the best interest and welfare of the child. *Id.* The court also noted that the child's testimony was unnecessary because it would be cumulative and would not have any additional material relevance to the court's best interest determination. *Id.* at 873.

¶ 22 Unlike in *A.W.*, the nature of the present case is adversarial; plaintiffs are seeking monetary damages from the defendants rather than terminating the custodial rights of an abusive parent. Further, the minor plaintiffs' testimony could not be categorized as cumulative or irrelevant as none of the witness testimony gathered thus far comes from an individual possessing personal knowledge of the facts giving rise to plaintiffs' causes of action. Plaintiffs' parents have repeatedly admitted their inability to provide specific facts related to who, what, when, and where. These facts are necessary for the plaintiffs to prove their cause of action and for the defendants to establish their defense. Therefore, the reviewing court's reasoning in *A.W.* is inapplicable to the facts before this Court.

¶ 23 After reviewing the record, we find that the circuit court did not abuse its discretion in ordering that the depositions proceed in the manner instructed. Trial courts have discretion to determine whether justice requires a protective order and what the parameters of the order should be. *Payne v. Hall*, 2013 IL App (1st) 113519, ¶ 12. In this case, the circuit court sought input from the parties on how to effectuate discovery in a manner that would protect the minor plaintiffs from harm while not hamstringing the defense. When the parties could not agree, the circuit court appointed mental health physicians to determine whether the minor plaintiffs could sit for depositions and to provide recommendations to the court. The circuit court adopted some of the recommendations and declined to follow others. Plaintiffs have argued that the circuit court should have adopted one of the recommendations that employed the use of a forensic interviewer; however, on appeal they have not demonstrated that the circuit court acted without the employment of conscious judgment by exceeding the bounds of reason and by ignoring recognized principles of law. *Id.* Therefore, plaintiffs have not met their burden to demonstrate that the circuit court abused its discretion. *People v. Wiatr*, 119 Ill. App. 3d 468, 473 (1983) (the party asserting the existence of an abuse of discretion bears the burden of proof). The rules of discovery provide for the trial court to supervise the process, and the circuit court here properly did so.

¶ 24                                    CONCLUSION
¶ 25 For the foregoing reasons, we affirm the decision of the circuit court.

¶ 26 Affirmed.